## CAMPBELL v. STATE OF INDIANA.

### [No. 24,748. Filed December 17, 1925.]

1. **CRIMINAL LAW.**—*Overruling motion to quash count of affidavit which was nolled before trial not injurious to defendant.*—Overruling a motion to quash a count of an affidavit which was nolled before trial could not have injured the defendant. p. 115.

2. **INDICTMENT.**—*Different crimes of the same character, growing out of same transaction, may be charged in separate counts of same affidavit.*—Different crimes of the same character, growing out of the same transaction, may be charged in separate counts of the same affidavit. p. 115.

3. **INDICTMENT.**—*Crimes of selling intoxicating liquor and maintaining liquor nuisance properly joined in different counts of same affidavit, when alleged to have been committed on same day.*—The crimes of selling intoxicating liquor and maintaining a liquor nuisance in violation of Acts 1917 p. 15, §4, as amended by Acts 1923 p. 70, and Acts 1917 p. 15, §20, §8356t Burns' Supp. 1921, were of the same character, and where they were alleged to have been committed on the same day, and therefore could have resulted from the same acts, were properly joined in different counts of the same affidavit. p. 115.

4. **CRIMINAL LAW.**—*Matter of requiring prosecuting attorney to elect on which count of affidavit he will proceed discretionary and ruling of court not disturbed unless there was abuse of discretion.*—The matter of requiring the prosecuting attorney to elect on which count of an affidavit he will proceed is discretionary, and the action of the court will not be disturbed unless there was an abuse of discretion. p. 117.

5. **CRIMINAL LAW.**—*Overruling motion to require state to elect on which count of affidavit it will proceed not abuse of discretion when both charges might have arisen from same transaction.*—Overruling motion to require the prosecuting attorney to elect on which count of affidavit he would proceed not abuse of court's discretion when one count charged the sale of intoxicating liquor and the other maintaining a liquor nuisance and the charges might have arisen from the same transaction. p. 117.

6. **CRIMINAL LAW.**—*Not error to refuse to require state to elect on which count it would ask conviction when offenses charged might have resulted from same transaction.*—It was not error to refuse to require the state to elect, at close of the evidence, on which count it would ask a conviction, where the evidence was such that the offenses charged in the different counts might have resulted from the same transaction. p. 117.

7. . CRIMINAL LAW.—*Instruction to be construed as entirety and not to be judged by detached clauses or sentences.*—An instruction is to be construed as an entirety and is not to be judged by detached clauses or sentences.   p. 117.

8. CRIMINAL LAW.—*Erroneous instruction not reversible error unless, when taken with entire charge to jury, it was necessarily harmful.*—An erroneous instruction will not constitute reversible error unless, when taken with the entire charge to the jury, it was necessarily harmful to the defendant.   p. 117.

9. CRIMINAL LAW.—*Erroneous portion of instruction held not reversible error when considered with remainder of instruction.*—Though statement in an instruction that possession of intoxicating liquor was one of the material allegations of the affidavit was erroneous, it would not constitute reversible error ·when another part of the instruction correctly stated the material allegations thereof and required the state to prove them beyond reasonable doubt.   p. 117.

10. CRIMINAL LAW.—*Omission of date of offense from instruction enumerating material allegations of indictment not reversible error when proof shows same day, as alleged in indictment.*—The omission of the date of the offense from an instruction enumerating the material allegations of the indictment which the state is required to prove is not reversible error when the evidence shows that it occurred on the day alleged in the indictment.   p. 119.

11. INTOXICATING LIQUORS.—*Instruction held erroneous in directing a finding of guilty of an offense not charged.*—An instruction that if the state had proved beyond a reasonable doubt that defendant had kept a room, house, building, structure, etc., where intoxicating liquor was "sold, *manufactured,* bartered or given away, in violation of law," he should be found guilty, *held* harmful error where the defendant was not charged with keeping a place where intoxicating liquor was manufactured.   p. 119.

12. INTOXICATING LIQUORS.—*Instruction directing verdict of guilty of possession of intoxicating liquor in May, 1923, was erroneous.*—An instruction directing a finding of guilty if the jury found that defendant was unlawfully in possession of intoxicating liquor on May 20, 1923, was erroneous, as possession of intoxicating liquor was not a criminal offense at that time.   p. 120.

13. CRIMINAL LAW.—*Instruction as to punishment for second offense is erroneous when no charge of previous conviction.*—An instruction in regard to the punishment for a second offense is erroneous when the affidavit or indictment does not charge a former conviction.   p. 120.

14. CRIMINAL LAW.—*Defendant entitled to have instruction given stating, correct penalty for offense charged, though erroneous instruction would not have been cured by, it.*—Although an instruction stating the correct penalty for the offense charged would not have corrected the error in giving an erroneous instruction on that point, the defendant would be entitled to have such instruction given.    p. 120.

15. CRIMINAL LAW.—*Alleged erroneous instruction on sufficiency of evidence as to reasonable doubt should be considered with instructions on reasonable doubt, and, if not harmful, not cause for reversal.*—An instruction on the sufficiency of evidence to remove reasonable doubt which is claimed to be erroneous should be considered with instructions on reasonable doubt, if any, and if, when so considered, it was not harmful to appellant, it will not be reversible error.    p. 121.

16. CRIMINAL LAW.—*Refusal to instruct jury not to be swayed by manifestation on part of public against defendant held not reversible error, although there was applause in the court-room during, the argument of prosecuting, attorney.*—Refusal of the court to give a requested instruction that "juries should not be swayed in the performance of their duty by any manifestation of the public in behalf of or against defendant" would not constitute reversible error, although, during the argument by the prosecuting attorney, there was applause from some of the spectators manifesting approval of the argument and statements made therein, as an appellate tribunal could not know from the record that the manifestation was against the appellant.    p. 121.

17. CRIMINAL LAW.—*Refusal of requested instruction not ground for reversal unless shown to be harmful error.*—The refusal to give a requested instruction is not ground for reversal unless appellant shows that such refusal constituted harmful error.    p. 121.

18. CRIMINAL LAW.—*Refusal to set aside submission and discharge jury, because of applause during, argument of prosecutor not reversible error where not shown to have been harmful to defendant.*—The court's refusal to set aside the submission of the cause and discharge the jury because of a manifestation of approval, on the part of persons in the court-room, of statements of prosecutor in argument, *held* not reversible error where appellant did not show that he was harmed by the demonstration.    p. 121.

19. CRIMINAL LAW.—*Presumption in favor of rightfulness of proceedings in trial court.*—There is a general presumption in favor of the rightfulness of what was done in the trial court.    p. 121.

20. CRIMINAL LAW.—*Appellate tribunal will not weigh the evidence.*—In determining whether the verdict was sustained by, sufficient evidence, an appellate tribunal will not weigh the evidence. p. 123.

From Warrick Circuit Court; *Caleb J. Lindsey,* Judge.

Claude Campbell was convicted of selling intoxicating liquor and maintaining a liquor nuisance, and he appeals. *Reversed.*

*Ora A. Davis,* for appellant.

*U. S. Lesh,* Attorney-General, for the State.

GEMMILL, J.—Claude Campbell, appellant herein, and another were jointly tried in the Warrick Circuit Court by jury, upon an affidavit containing two counts. Count one charged the selling of intoxicating liquor to a person therein named and count three charged the maintaining of a common nuisance. The first charge was based on §1, ch. 23, Acts of 1923; and the second on §20, ch. 4, Acts of 1917. The jury found the appellant guilty on each count and found his codefendant not guilty. Appellant's motion for a new trial was overruled and judgment of fine and imprisonment rendered against him on the verdict. The alleged errors, upon which he relies for reversal, are: First, that the court erred in overruling appellant's motion to quash the amended affidavit, and each of the first, second and third counts thereof. Second, that the court erred in overruling appellant's motion to require the state to separate the third count of the amended affidavit into a separate and distinct charge and docket same separately. Third, that the court erred in overruling appellant's motion for a new trial.

Appellant's motion to quash the amended affidavit and each of the three counts thereof was overruled. This ruling is assigned as error. Before the trial, the second count of the amended affi-

1-3.

davit, on motion of the prosecuting attorney, was nolled. It is not necessary to consider the motion to quash as to said second count, as appellant could not have been injured by any ruling thereon. Different crimes of the same character, growing out of the same transaction, may be charged in separate counts of the same affidavit. *Glover* v. *State* (1887), 109 Ind. 391, 10 N. E. 282; *Rokvic* v. *State* (1924), 194 Ind. 450, 143 N. E. 357; Ewbank, Indiana Criminal Law §§265, 266. The crimes charged in the two counts, the selling of intoxicating liquor and the maintaining of a common nuisance, a place where intoxicating liquors were sold and where persons were permitted to resort for drinking intoxicating liquors as a beverage, were alleged to have been committed on the same day, are of the same character and could result from the same acts. In *Glover* v. *State, supra,* it was held that when, from an inspection of the indictment, it is not certain that different and distinct felonies, which cannot be joined, are charged in the different counts, a motion to quash, on account of duplicity, should be overruled. And in *Rokvic* v. *State, supra,* it is said that until it affirmatively appears that offenses of a different character or relating to different transactions have been improperly joined, the action of the court with reference thereto is discretionary. The amended affidavit upon which the appellant was tried stated the offenses with sufficient certainty and same was not bad for duplicity. The motion to quash was properly overruled. It follows that the court did not err in overruling the motion to require the state to separate the third count of the amended affidavit into a separate and distinct charge and docket same separately, as the causes in count one and count three were not dissimilar and were not improperly joined.

In the motion for a new trial, twelve causes were

assigned.   The first is that the court erred in refusing
to require the state to elect before the begin-
4-6.  ning of the evidence on which count of the
amended affidavit it would put the defendant on
trial.   The power of compelling the prosecuting attor-
ney to elect upon which count he will proceed is dis-
cretionary, and will not be disturbed unless there is
abuse of discretion.   *Glover* v. *State, supra; McCol-
lough* v. *State* (1892), 132 Ind. 427, 31 N. E. 1116;
*Knox* v. *State* (1905), 164 Ind. 226, 73 N. E. 255, 108
Am. St. 291, 3 Ann. Cas. 539; *Rokvic* v. *State, supra.*
In overruling this motion, the discretion of the court
was not abused and error was not committed by said
ruling.   Also, it was not error to refuse to require the
state to elect, at the close of the evidence, on which
count of the amended affidavit it would ask for a convic-
tion.   The evidence given on the trial by the person
named in the first count of the amended affidavit as
the one to whom intoxicating liquor had been sold or
furnished, was such that, if believed, it could be claimed
that the offenses charged in count one and count three
were the result of the same transaction.   It is true that
additional evidence, to which no objection was made,
was introduced as to other sales of intoxicating liquor at
the said place named in count three.   But this fact
would not make such election by the state necessary.

It is urged by appellant that the court erred in giving
on its own motion instructions Nos. 5, 6, 7, 8, 12 and
15.   Instruction No. 5 is as follows:   "The ma-
7-9.  terial allegations of the charge in the first count
of the affidavit herein are that the defendants or
one of the defendants did on the 20th day of May, 1923,
at Warrick county, Indiana, unlawfully possess, sell,
barter, exchange, give away, and furnish to one L.
Green Lutrel, intoxicating liquors, contrary to the forms
of the statutes of the state and I instruct you that if

the state has proven beyond a reasonable doubt that the defendants or either of the defendants did, as charged in said affidavit, at the county of Warrick and State of Indiana either sell, barter, exchange or give away to the said L. Green Lutrel, intoxicating liquors contrary to the laws of the state, then you should find the defendant guilty, that the evidence shows to have violated the statute and assess his punishment accordingly." It was not one of the material allegations of count one of the amended affidavit that the defendant did unlawfully possess intoxicating liquors, and the court was mistaken in so informing the jury. The latter part of the instruction is plain that the appellant should be found guilty if the state had proved, beyond a reasonable doubt, that he, as charged in the affidavit, had sold, bartered, exchanged or given away intoxicating liquors to the party named. In many cases in this jurisdiction, it has been held that an instruction is to be construed as an entirety and is not to be judged by detached clauses or sentences. In instruction No. 1 of the court's instructions, count one is set out in full. Part of the verdict on count one is as follows: "We, the jury, find the defendant, Claude Campbell, Guilty, as in the first count of the affidavit." In 1 Randall, Instructions to Juries §134, it is stated: "A violation of the rule that the instructions must not be broader than the indictment or information, will not cause a reversal where it appears from the record that the jury were not misled to the prejudice of the defendant, as where the added words only impose a greater burden upon the state than it is required to sustain." Before a court will declare an erroneous instruction to be reversible error, it must be satisfied that the alleged erroneous language, when considered as a part of the entire charge, is harmful to the appellant. *Eacock* v. *State* (1907), 169 Ind. 488, 82 N. E. 1039; *Weigand* v. *State*

(1912), 178 Ind. 623, 99 N. E. 999; *Hiatt* v. *State* (1920), 189 Ind. 524, 127 N. E. 277; *Bredenderf* v. State (1923), 193 Ind. 675, 141 N. E. 610. Considering the objectionable part of the instruction in connection with the latter part, we believe the jury could not have been misled thereby to the injury of the appellant.

Appellant objects to instruction No. 6, saying that it is a mandatory instruction telling the jury to find the defendant guilty of maintaining a common nuisance if it finds certain facts to exist beyond a reasonable doubt, but ignores the material allegations of time and venue in the third count of the amended affidavit. An instruction need not specify the date of the offense when the allegations and the proof show that it occurred on a certain day. 1 Randall, Instructions to Juries §311; *State* v. *Gould* (1914), 170 S. W. (Mo.) 868.

Said instruction No. 6, however, in another particular, is fatally defective. It states that one of the material allegations of the charge in the third count of the affidavit is that the defendant, or one of the defendants, kept a room, house, building, structure, club or place where intoxicating liquors were sold, manufactured, bartered or given away, in violation of law. And the jury was instructed that if the state had proved beyond a reasonable doubt that the defendants or either of the defendants kept a room, house, building, structure, club or place of any kind where intoxicating liquors were sold, manufactured, bartered or given away, in violation of law, that defendant should be found guilty as charged in the third count of the affidavit. Count three does not charge the defendant with unlawfully maintaining a room, house, building, structure, club or place where intoxicating liquors were manufactured as stated in said instruction. Under this instruction, the jury could have found the

defendant guilty of an offense defined by statute, but not charged in said count of the amended affidavit. The giving of this instruction was harmful error.

Instruction No. 7 informed the jury that if the state had proved beyond a reasonable doubt the guilt of the defendants or either of said defendants, as charged in the first count of the affidavit, of unlawfully possessing, selling, bartering, exchanging, giving away, furnishing or otherwise disposing of intoxicating liquors, then the jury should find the defendants or either of said defendants guilty as charged in the first count of the affidavit. The first count of the amended affidavit did not charge possession of intoxicating liquor, as stated in the instruction; and mere possession of intoxicating liquor was not an offense on May 20, 1923. *Smith* v. *State* (1924), 194 Ind. 686, 144 N. E. 471; *Hubbard* v. *State* (1925), 196 Ind. 137, 147 N. E. 323. There was error in giving this instruction.

In said instructions Nos. 8 and 15 the jury was instructed in regard to the punishment for a second offense of the crime charged in the first count of the affidavit. In §38 of the prohibition law of 1917, it is provided that prosecuting attorneys having knowledge of any previous conviction of any person accused of violating said act shall, in preparing complaints, informations or indictments for subsequent offenses, allege such previous conviction therein. There was no charge of a former conviction and the erroneous parts of these instructions should not have been given. Instruction No. 2 tendered and requested by the defendant but refused by the court, stated the correct penalty for the offense charged in count one of the amended affidavit. And while this instruction would not have cured the errors in said two erroneous instructions, the appellant was entitled to have same given.

Said instruction No. 12, upon the proposition of sufficiency of evidence to remove reasonable doubt, should be read in connection with instructions No. 11 and No. 13 upon the subject of reasonable doubt, and when so considered, it cannot be regarded as harmful to appellant.

Instruction No. 16 tendered by the appellant and refused by the court sets out several statements, concerning the truth of which, there can be no controversy. But it was not necessary to give this instruction to advise the jury further of its duties and to admonish it regarding the oath taken, sympathy, sentiment and moral courage. However, there is one sentence in same which should be considered, as follows: "Juries should not be swayed in the performance of their duty by any manifestation on the part of the public in behalf of or against a defendant." In this case, as will be later mentioned, during the argument, applause was given when one of the attorneys for the state made reference to a certain organization. We cannot say from the record presented to us that this applause was a manifestation against the appellant, about which the jury should have been instructed. The refusal of the court to give requested instructions is not ground for reversal, unless appellant shows that such refusal constituted harmful error. *Indiana Pipe Line Co.* v. *Christensen* (1924), 195 Ind. 106, 143 N. E. 596. The court did not err in refusing to give this instruction.

The appellant claims error because the court refused, on his motion, to set aside the submission of the cause and to discharge the jury. On this matter, the record has the following:

"And during the argument of said cause, the following proceedings were had:

BY THE COURT:

Certain ladies in the audience have now loudly cheered by clapping their hands, the statement of the prosecuting attorney in reference to the W. C. T. U., and now the defendants by counsel, move the court to set aside the submission of the cause and discharge the jury because of said demonstration in favor of the state, which motion the court overrules, and to which ruling each defendant at the time separately excepts. And now the court instructs the audience to refrain from any further demonstration.

(Signed) O. K. Lindsey, Judge."

It is not shown what the statement was which the assistant to the prosecuting attorney made, which met with such approval from some of the spectators, and it is not shown that what he said was improper, and it is not shown that any objection was made to same by appellant. But, however proper his statement in regard to the organization mentioned may have been, there should not have been any applause. Evidently, the trial court believed that all that was necessary was to admonish the audience against further demonstration. The presiding judge was in much better position to know whether prejudice really accrued to the appellant by said happening than is this court with only the quoted record in regard to what there occurred. There is a general presumption in favor of the rightfulness of what has been done in the lower court. 2 Thompson, Trials (2d ed.) §2406; Ewbank's Manual §209. The appellant has failed to show that his rights were prejudiced by the alleged error and this duty was incumbent upon him. We hold that the court did not err in overruling the motion to set aside the submission and to discharge the jury.

As the last cause for a new trial, the appellant says that the verdict is not sustained by sufficient evi-

dence; but he admits that the court on appeal will not weigh the evidence and waives this ground for same.

Because of the errors in instructions Nos. 6, 7, 8 and 15 given by the court on its own motion, the ruling of the court on the motion for a new trial was erroneous.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.