## SHELTON *v.* STATE OF INDIANA.

[No. 26,458. Filed January 8, 1936. Rehearing denied March 2, 1936.]

*Harvey Semones* and *A. W. Ewbank*, for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Caleb J. Lindsey,* Deputy Attorney-General, for the State.

FANSLER, J.—Appellant was charged with manslaughter in an affidavit in two counts.

The first count charges that he, involuntarily, mor-

tally wounded and injured Ada Barker by driving a motor truck against the car in which she was riding, "while in the commission of an unlawful act, to-wit: 'did then and there unlawfully operate a motor vehicle, to wit: International Motor Truck, on and along a certain public highway, to-wit: State highway No. 36, of the County and State aforesaid, while he, the said James Shelton, was then and there under the influence of intoxicating liquor.'" The unlawful act charged in this count is driving while intoxicated, which is made unlawful by section 10141, Burns' Ann. St. Supp. 1929.

The second count charges him with, involuntarily, mortally wounding and injuring Ada Barker by driving a motor truck against the car in which she was riding, "while in the commission of an unlawful act, to-wit: 'did then and there unlawfully drive and operate an International Motor Truck in and upon State highway No. 36, being then and there a public highway of this State; by then and there driving at a speed greater than was reasonable and prudent, with wanton disregard for the safety of others, having regard for the width of the highway, and the density of the traffic, so as to endanger the lives, limbs, and property of persons thereon.'" The unlawful act charged in this count is driving "at a speed greater than is reasonable or prudent," which is made unlawful by section 10140, Burns' Ann. St. Supp. 1929. The statute also denounces driving at a rate of speed less than is reasonable or prudent, but that character of unlawfulness is not charged.

There was a general verdict and judgment of guilty. There was a motion for new trial, which was overruled, and the only error assigned questions the correctness of this ruling.

Appellant, a farm tenant, had driven to Indianapolis in a farm truck with a cattle rack, to see his landlord, and was returning in the afternoon to his farm west of

Danville. He testified that there was a defect in one of the wheels, which made the truck hard to control. There is a sharp conflict in the evidence, both as to appellant's intoxication and as to excessive speed. There is evidence that, before the collision, appellant was driving from side to side on the highway, was refusing to give one-half of the highway to approaching cars, and was driving on the left side of the highway. This evidence might have been, and probably was, competent upon the question of intoxication.

Among other instructions given by the court was the following:

"You are further instructed that there was in force and effect in the State of Indiana, on the 9th day of December, 1933, a statute which provides that: 'No person shall drive or operate a motor vehicle upon any public highway in this State at a speed greater or less than is reasonable or prudent, having regard to the width of the highway, the density of the traffic, the condition of the weather and the use of the highway or so as to endanger the life or limb or injure the property of any person.'

"You are further instructed that there was in force and effect on said date a further statute which provides that: 'It shall be unlawful for any person to drive or operate a motor vehicle or motor bicycle on any of the public highways of this state in a reckless or dangerous manner and so as to endanger the life, limb or property of any person. For the purpose of this act, the term "reckless driving" shall be construed to mean driving on that side of the highway which is to the left of the operator; driving in and out of a line of traffic, except as provided for in this act; driving from side to side of the highway; driving at such an unreasonable slow rate of speed as to endanger traffic; refusing to give one-half of the highway to a driver or operator ap-

proaching from the rear at a greater speed and desiring to pass, passing or attempting to pass another vehicle from the rear while on the brow of a hill or on a curve, where vision is obstructed for a distance of less than 500 feet, ahead of any vehicle desiring to pass another, or in any other manner that is not safe and prudent.'

"Any person who shall violate any of the provisions of either section of such statutes shall be deemed guilty of a misdemeanor.

"If you shall therefore find from a preponderance of the evidence and beyond a reasonable doubt that the defendant, at the time and place alleged in the second count of the affidavit, was driving his automobile upon a public highway at a rate of speed greater or less than was reasonable and prudent, having regard to the traffic and the use of said highway, or in a reckless or dangerous manner, and so as to show a willful and wanton disregard for the life and limb and the safety of other persons using said highway; and if you further find from a preponderance of evidence and beyond a reasonable doubt that while so engaged and while so driving said automobile as aforesaid, the defendant operated his motor vehicle against the car in which the said Ada Barker was riding and collided therewith and thereby, and as a proximate result of so driving, inflicted mortal wounds upon the body of the said Ada Barker, from which mortal wounds she then and there died, then I instruct you that you would be warranted in finding the defendant guilty as charged in the second count of the affidavit."

The second quotation in the instruction is almost a verbatim copy of section 10142.4, Burns' Ann. St. Supp. 1929, which defines reckless driving as a misdemeanor and makes it unlawful.

The instruction unmistakably directed the jury that, if from the evidence they were convinced beyond a rea-

sonable doubt that appellant was guilty of driving at a less rate of speed than was reasonable or prudent, or of reckless driving, defined as a misdemeanor and made unlawful by section 10142.4, *supra,* they would be warranted in finding him guilty as charged in the second count of the affidavit, notwithstanding that count contains no such charges, but is based solely upon a violation of section 10140, *supra,* consisting of driving at an excessive rate of speed. The court refused an instruction tendered by defendant, as tendered, but changed its wording and gave the instruction as changed. This instruction as originally tendered and as changed by striking out words and inserting others, is as follows:

"If you should find from the evidence, beyond a reasonable doubt, that the defendant was operating his truck in an unlawful manner or that he was operating said truck while under the influence of intoxicating liquor, you are instructed that either of those facts alone would not warrant you to find him guilty of involuntary manslaughter, but in order to convict the defendant under either count of this indictment, you must also find, beyond a reasonable doubt, that driving his truck in an unlawful manner as alleged or under the influence of intoxicating liquor was the proximate cause of the death of Ada Barker."

It might be urged that the words "as alleged," which were inserted in the latter part of this instruction, somewhat modify it and tend to direct the attention of the jury to the unlawfulness charged in the affidavit, but when it is read in connection with the other instruction referred to, it cannot be doubted that it was interpreted by the jury as having the same meaning.

It is elementary that, where one is charged with involuntary manslaughter in the commission of an un-

lawful act, the unlawful act must be described and set out in the indictment or affidávit, and that proof of any other or different unlawful act is not competent for the purpose of sustaining the charge and will not support a verdict of guilty. *Gipe* v. *State* (1905), 165 Ind. 433, 75 N. E. 881; *Taylor* v. *State* (1891), 130 Ind. 66, 29 N. E. 415.

Under the Bill of Rights, appellant was entitled to know the character of the charge against him. In this case, two specific acts, made unlawful by specific statutes, were charged as the unlawful acts, responsible for the death, in two separate counts. Proof that other or different unlawful acts were responsible for the death will not sustain the charge, notwithstanding they may be similar to the unlawful acts charged. Appellant was called upon to meet the charge that he was driving while intoxicated, or that he was driving at an excessive rate of speed. He was not advised that he would be required to defend himself against a charge that the collision which caused the death was brought about by his violation of a statute, which made it a misdemeanor to drive on the wrong side of the road, or to drive from one side of the road to the other, or to drive at a dangerously slow rate of speed. Some evidence of driving of this character was admitted, it is true, upon the question of intoxication, but the defendant may have felt that, notwithstanding this evidence, he had sufficiently defended himself against the imputation that he was driving while intoxicated, or that he was driving at high speed, and it may well be that the jury was not convinced that he was driving while intoxicated, or that he was driving at a high rate of speed, contrary to the statute, but believed he was driving slowly and soberly, and that the fact that he permitted his truck to pass from one side of the road to the other caused the death. He was not advised

that he might be convicted upon such a charge, and it must be presumed that he had not prepared himself to defend against it, and that, having had notice and opportunity to prepare, he might have refuted the charge.

The jury may have been convinced that appellant was guilty of reckless driving, as defined by section 10142.4, *supra,* and, under the instruction of the court, returned its verdict of guilty solely upon this ground. It cannot be said therefore that the erroneous instructions above referred to did not prejudice appellant's rights and bring about a verdict of guilty upon a theory for which there is no basis in the affidavits upon which he was tried.

Upon the merits of the first instruction quoted, the Attorney General merely says that it is a correct statement of the law, and that the language of the instruction is taken from the statute. It is true that it is a correct statement of the law, and that the language is taken from a statute, but it is not the statute upon which the criminal charge is based.

The Attorney General questions the sufficiency of appellant's brief under the rules of this court, but it is sufficient to present the error assigned.

It is also contended that the exceptions to the instructions given by the court are in gross. But the bill of exceptions discloses that the instructions were separately and severally excepted to.

Since the case must be tried again, the weight of the evidence will not be considered.

Appellant asked one of his own witnesses in examination in chief whether or not during the years of his acquaintance with appellant he ever saw him under the influence of intoxicating liquor, or ever saw him drink intoxicating liquor. An objection was sustained. This was not error. The question is in the same category with those which seek to prove by a

witness that he had not seen the defendant steal. If a witness is in position to know the facts, he may testify that a person did not use intoxicating liquor; otherwise appellant's habits in this respect can be proved only by general reputation.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.