BYASSEE *v.* STATE OF INDIANA.

[No. 767S46. Filed August 26, 1968. Rehearing denied October 25, 1968.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Robert F. Hassett,* Deputy Attorney General, for appellee.

LEWIS, C. J.—This is an appeal from a conviction entered on the verdict of a jury from an indictment returned by the Marion County Grand Jury. Appellant was charged with the crime of assault and battery with intent to commit a felony, to-wit: Rape, pursuant to Burns' Indiana Statutes, Anno., (1968 Supp.), § 10-401.

Appellant's sole assignment of error is the Trial Court's refusal to grant a new trial on the basis that there was insufficient evidence to support the verdict.

There are two material elements of the offense charged:

". . . To make out a case of assault, or assault and battery with the intent to commit the crime of rape, as charged, it was necessary to prove beyond a reasonable doubt that appellant committed an assault, or an assault and battery as charged, and that the same was committed with the intent then and there and thereby unlawfully to have carnal knowledge of the prosecuting witness 'forcibly against her will'. *Hollister* v. *State* (1901), 156 Ind. 255, 258." *Rahke* v. *State* (1907), 168 Ind. 615.

In determining the question of sufficiency of evidence when raised properly on appeal, this Court, as it has stated innumerable times, will consider only that evidence most favorable to the State, together with all reasonable and logical inferences that may be drawn therefrom. *Widup* v. *State* (1967), 250 Ind. 1, 230 N. E. 2d 767; *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537. It is equally clear that it is not within the scope of this Court's review to invade the province of the jury and attempt to determine the credibilty and demeanor of the witnesses or weigh any conflicting evidence. *Beatty* v. *State* (1963), 244 Ind. 598, 195 N. E. 2d 727; *Martin* v. *State* (1964), 246 Ind. 43, 201 N. E. 2d 42. As a result, this Court will not disturb the verdict of the Trial Court on the basis of insufficiency of evidence unless there is an absence of substantial evidence of probative value on a material element of the offense or the evidence is without conflict and leads to but one reasonable conclusion, which is contrary to the conclusions of the jury. *Widup* v. *State, supra; Weaver* v. *State* (1963), 243 Ind. 560, 187 N. E. 2d 485.

It is in light of this wisely limited scope of review that we consider the evidence placed before the jury. On February 14, 1964, about 6:15 in the morning, the prosecutrix, who was then 20 years old, was standing at an unlighted city intersec-

tion waiting for a bus to ride to work. She had noticed appellant's car parked on the opposite side of the intersection, and heard him make some remark to her about her legs. Appellant moved behind her on foot without attracting her attention, stepped in front of her, and as he pinned both of the prosecutrix's arms to her side, stated, "Why don't you come with me?" The girl informed the appellant that she didn't know him and asked him to leave her alone. The alleged attacker, however, repeated his "invitation" and then, upon a second refusal, began to force the girl toward his automobile. A struggle ensued in which the appellant struck the prosecutrix at least eight times in the face, both to force her into the auto and to quiet her screams. He threatened her with choking if she continued to cry out. After successfully managing to imprison the girl in the car, appellant drove the vehicle about four (4) blocks from the scene of his intrusion. At this point the prosecutrix managed to open the car door and escape momentarily; however, she was recaptured by her attacker and dragged by the neck back to the car. The appellant then struck the prosecutrix in the face, repeatedly, demanding that she disrobe; but, the prosecutrix continued to refuse the appellant. Appellant then placed her in the car again and drove another block and a half, where he pushed her from the vehicle and across a street into a ditch. Understandably terrified, the young woman ran to her home where she then related her story in a similar fashion to her mother and the police before she was taken to the hospital. Her face, in photographs submitted to the jury, showed signs of an extensive beating. The prosecutrix described her assailant and his attire to the police, and the following day identified the appellant in a police lineup as her attacker. Police testimony was submitted to corroborate this identification.

Appellant in his argument to this Court does not challenge, nor could he have successfully, the sufficiency of the evidence to indicate beyond a reasonable doubt that he was guilty of an assault and battery. He points rather to the absence of any

direct, positive evidence of intent to rape, in that the record is devoid of any evidence of an overt attempt to disrobe the victim, of any express threat of rape, or even an express mention of sexual intercourse. Appellant insists that under such a record, there simply was no probative evidence from which the jury could reasonably infer any felonious intent to rape.

Intent or *mens rea* stands as an essential element in all *mala in se* crimes. Yet, no mathematical precision can ever accompany a determination of its presence at the time the *actus reus* was performed. As stated in *Hanes* v. *State* (1900), 155 Ind. 112, 116.

"Intent is a mental function, and, where not consummated, (and indeed even then), it is impossible to know with absolute certainty, what was operating in the actor's mind, and in such cases it must be arrived at by courts and jurys *from a consideration of the conduct* and natural and usual sequence to which such conduct logically and reasonably points. . . ." (Emphasis supplied.)

In light of the evidence presented to the jury for their determination, including the circumstances of the attack, the forceful and damagaing blows accompanying demands that the girl disrobe, and the other testimony presented as to sexual comments of the appellant, we conclude that substantial, probative evidence upon which the jury could have reasonably concluded the presence of a felonious intent to rape was adduced and presented in the Trial Court. To reverse the finding of the jury and the judgment of the Trial Court where such evidence stands on the record would be an unpermitted invasion into the wisdom of the jury; therefore, the conviction is affirmed.

Arterburn, Hunter and Jackson, JJ., concur; Mote, J., not participating.

NOTE.—Reported in 239 N. E. 2d 586.