CHARLES BUD MUSICK v. STATE OF INDIANA.

[No. 871S243. Filed April 5, 1972. Rehearing denied June 22, 1972.]

*Frederick F. McClellan*, of Muncie, for appellant.

*Theodore L. Sendak*, Attorney General, *Michael Schaefer*, Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by Charles Musick from a judgment in the Randolph Circuit Court convicting him of the crime of Second Degree Burglary. Trial was to a jury, and upon conviction appellant was sentenced to the Indiana

State Prison for a term of not less than two (2) years nor more than five (5) years. Appellant's Motion to Correct errors was overruled, and this appeal followed.

Appellant was charged by Affidavit which, omitting the caption, read as follows:

"Be it remembered, that on this day, before me, Jan L. Chalfant, Deputy Prosecuting Attorney of the 25th. Judicial Circuit of Indiana, personally came A. S. Fisher who being duly sworn upon his oath says that Charles Bud Musick on the 15 day of October A.D. 1969, and in the County of Randolph State of Indiana, did then and there unlawfully and feloniously break and enter into a building and structure, not a dwelling house or place of human habitation, there situated, then and there owned by George Polley the said George Polley being the actual occupant of said building and structure, all of which was done by the said Charles Bud Musick with the intent to commit a felony therein, in that the said Charles Bud Musick intended to take, steal and carry away a safe belonging to the said George Polley containing therein U. S. currency, to-wit: Five Hundred Dollars ($500.00), and other things of value."

On appeal, appellant contends that the State failed to prove that George Polley owned or had any proprietary interest in the Polley Farm Store in Lynn, Indiana, which is the building that was allegedly burglarized. We do not agree.

It is well established in the law that the crime of burglary is an offense against the possession of property and not against the ownership thereof. See, *Jay* v. *State* (1965), 246 Ind. 534, 206 N. E. 2d 128; *Bradley* v. *State* (1964), 244 Ind. 630, 195 N. E. 2d 347. In the case at bar, Mr. Polley testified that he operated the Polley Farm Store; he testified that he conducted his business transactions there; throughout his testimony, he referred to the store as "our store" and "our place of business." This Court is of the opinion that the above uncontradicted testimony is sufficient to establish that George Polley was in possession of the premises allegedly burglarized by the appellant. Thus it was unnecessary for the State to establish absolute ownership of the

premises in question, and such allegation in the Affidavit may be treated as mere surplusage. See, *Jay* v. *State, supra.*

The appellant's remaining assignment of error concerns the correctness of Final Instruction Number 7 which was given to the Jury. The instruction set forth, verbatim, the language contained in IC 1971, 35-13-4-4, (Ind. Ann. Stat. § 10-701(b) [1956 Repl.]), which defines Second Degree Burglary as follows:

> "(b) Whoever breaks and enters into any boat, wharf-boat, or other watercraft, interurban-car, street-car, rail-road-car, automobile, airplane, or other aircraft, or any building or structure other than a dwelling-house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree, and upon conviction shall be imprisoned not less than two years nor more than five years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period: Provided, however, That the court shall have power to suspend prison sentence and place the defendant on probation in accordance with existing law."

Appellant contends the last sentence of the above statute should have been excluded from the instruction because it has a tendency to mislead the jury into believing that the judge may suspend the sentence should the jury find the defendant guilty. There is absolutely no merit in this contention. If a statute is not unconstitutionally vague, ambiguous, or misleading, and if it is relevant to the issues in the case, it is not error to give an instruction in the exact language of the applicable statute. See, *Southerland* v. *State* (1935), 209 Ind. 308, 197 N. E. 841; *Sanford* v. *State* (1926), 198 Ind. 198, 152 N. E. 814. The language contained in IC 1971, 35-13-4-4, (Ind. Ann. Stat. § 10-701(b) [1956 Repl.]), is not vague or misleading, and, therefore it was not error to include it in the instruction.

For all of the foregoing reasons, the judgment of the trial court must be affirmed.

Judgment affirmed.

Arterburn, C. J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 280 N. E. 2d 602.