Donald B. DIXON, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–181A19.

Court of Appeals of Indiana,
Fourth District.

Sept. 16, 1981.

John D. Clouse, Michael C. Keating, Laurie A. Baiden, Evansville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Carolyn M. Brawner, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

CHIPMAN, Presiding Judge.

Donald B. Dixon was found guilty of attempted child molesting, a class C felony, as proscribed by Ind.Code 35–42–4–3(c).[1] On appeal Dixon challenges the sufficiency of the evidence to sustain his conviction. He also argues the trial court erred in instructing the jury and in admitting evidence of uncharged crimes.

We affirm.

## I. Sufficiency of the Evidence

When considering sufficiency challenges on appeal, we will not invade the province of the jury by weighing the evidence or judging witnesses' credibility. *Miller v. State*, (1981) Ind., 417 N.E.2d 339; *Goodpaster v. State*, (1980) Ind., 402 N.E.2d 1239. Our review is confined to considering only the evidence most favorable to the State, together with all reasonable and logical inferences which may be drawn there-

---

1. Child molesting under Ind.Code 35–42–4–3(c) is defined as:

   "A person sixteen [16] years of age or older who, with a child twelve [12] years of age or older but under sixteen [16] years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a class C felony. However, the offense is a class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon."

from, in order to determine whether each element of the alleged offense has been proved beyond a reasonable doubt. *Johnson v. State*, (1980) Ind., 400 N.E.2d 132. The verdict will not be disturbed on the basis of insufficient evidence unless there is an absence of substantial probative evidence upon a material element of the offense, or the evidence is without conflict and leads to but one reasonable conclusion, which is contrary to the conclusion reached by the trier of fact. *Carpenter v. State*, (1974) 159 Ind.App. 373, 307 N.E.2d 109.

Utilizing this standard of review, the record discloses that on September 21, 1979, Dixon reported for work at a construction site about 7:30 a. m. but was sent home because of rain. At home, Dixon took two Allerest tablets to relieve sinus congestion. By 9:00 a. m. he had also consumed a couple beers and three shots of vodka, but Dixon indicated he did not consume any more alcoholic beverages later in the day.

According to Dixon's testimony, at approximately 1:30 that afternoon he went to St. Joseph Catholic Elementary School, ostensibly to determine whether his sister's two children, Joy Marie Hunter and Jolynn Hunter, were enrolled. The scenario of events, as disclosed by the respective witnesses' testimony, however, conflicts with Dixon's avowed purpose. A teacher from St. Joseph's testified Dixon wandered into her classroom and said he was looking for his niece, a third grader named Tracy Dixon. The school's custodian testified Dixon told him he was there to see his little girl, who was in the third grade and whose last name was Dixon. The record is devoid of any evidence indicating Dixon had either a niece or daughter enrolled at this school.

The testimony also showed Dixon was asked to leave St. Joseph's, which he did, but that shortly thereafter he reentered the building, only to again be escorted from the school. Following this ejection Dixon crossed St. Joseph's playground, scaled the eight foot fence encircling it, and walked directly across the street into Delaware School.

Dixon was found meandering throughout the Delaware School building, and when approached by school personnel he gave inconsistent explanations for his presence. On one occasion Dixon stated he was looking for his sister, a junior high pupil whose last name was Dixon. On two other occasions he stated he was looking for his daughter, a kindergarten student. Again, there was no evidence Dixon had either a sister or daughter enrolled in this school.

Dixon was also requested to leave Delaware School. Twice he was escorted from the building by the school's principal; however, he persisted in reentering the school a third time, and on this occasion, he also entered a second floor restroom designated for "girls." Apparently not long thereafter a twelve-year-old coed entered this restroom. As she was preparing to exit from a stall, Dixon jumped over the stall wall, landing on her shoulder and knocking her to the floor.

The young girl indicated she tried to escape by crawling under the stall, but Dixon grabbed her by the shoulders, pulled her back into the stall, forced her to stand, and then sought to unzip her pants. The victim further testified Dixon told her if she screamed or tried to get away he would kill her; nevertheless, she screamed, and a teacher soon entered the restroom to investigate. This teacher testified that upon seeing a man's boots behind one of the stall doors, she left to obtain assistance. At this point, Dixon unlocked the stall door and ran from the restroom, through the school, and out of the building. He was pursued across the school yard and throughout the neighboring area by school personnel who ultimately found Dixon lying under a parked car. They then detained him until the police arrived.

According to an Evansville police officer, when he questioned Dixon, appellant stated he had been at the school looking for his niece and nephew, Jolynn and Joy Hunter. He denied any incident in the girls' restroom or involvement with the twelve-year-old victim. Dixon also claimed he walked from the school and did not run until several people started yelling at him, and he saw

police cars in the area. At trial Dixon admitted entering the girls' restroom but said he had just entered to use one of the stalls, and a girl screamed when he opened the door. He denied ever touching the coed.

On appeal Dixon maintains the foregoing evidence is insufficient to sustain his conviction of attempted child molesting by means of sexual intercourse because the State failed to show he intended to perform sexual intercourse. We disagree.

■ Our attempt statute, Ind.Code 35–41–5–1, provides in pertinent part:

"(a) A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime."

Thus, pursuant to this statute, in order to find an attempt to commit a crime, the State must prove the defendant was: (1) acting with the required culpability, and (2) engaging in conduct which constituted a substantial step toward commission of the offense. *Zickefoose v. State*, (1979) Ind., 388 N.E.2d 507.

■ Dixon does not assert the State failed to show his actions were knowingly made, and he concedes the testimony was sufficient to show he had gone beyond mere preparation and in fact, had engaged in an overt act which constituted a substantial step toward some prohibited conduct, but he insists it was not possible to positively determine what prohibited conduct he intended; therefore, it was erroneous to permit the jury to conclude he intended to engage in sexual intercourse. We find the crucial question is not, however, whether it was possible Dixon intended to commit a sexual act other than intercourse, but rather, whether it was reasonable for the jury to conclude he intended to commit sexual intercourse. Under the circumstances of this case, we find such a conclusion was reasonable.

Clearly there is no absolute certainty which accompanies the determination of a criminal defendant's intent when he entered into a particular course of conduct. We can only endeavor to glean the defendant's intent by examining his actions.

" 'Intent is a mental function, and, where not consummated, (and indeed even then), it is impossible to know with absolute certainty, what was operating in the actor's mind; and in such cases it must be arrived at by courts and juries *from a consideration of the conduct* and natural and usual sequence to which such conduct logically and reasonably points.' "

*Byassee v. State*, (1968) 251 Ind. 114, 239 N.E.2d 586, 588, *quoting Hanes v. State*, (1900) 155 Ind. 112, 116, 57 N.E. 704, 705. Thus, a criminal defendant's liability will ultimately turn on his purpose as manifested through his conduct. *Zickefoose v. State*, (1979) Ind., 388 N.E.2d 507.

After reviewing Dixon's course of conduct we are convinced the evidence was sufficient to permit the jury to reasonably conclude Dixon was guilty of attempted child molesting by means of sexual intercourse. *Byassee v. State, supra; see Himes v. State*, (1980) Ind., 403 N.E.2d 1377. While it is possible Dixon intended to commit some act other than intercourse, it was reasonable for the jury to conclude he intended to have sexual intercourse with the child and had taken a substantial step toward this end when he physically restrained the young girl in a restroom stall, at a time when the two were alone, and sought to unzip the child's pants.

## II. Instructions to Jury

Count I of the Information charging Dixon with attempted child molesting alleged in pertinent part:

"[T]hat ___DONALD B. DIXON___ ___ _____ on or about the __21 day of ___September___ A.D., 1979_ , . . . being over the age of sixteen (16) years did attempt to commit the crime of performing sexual intercourse with Pamela B. Jackson, a child twelve (12) years of age or older, but under the age of sixteen (16) by threatening the use of deadly force on the said Pamela B. Jackson in

that the said Donald B. Dixon did knowingly confine the said Pamela B. Jackson in the Girl's Restroom of the Delaware School located at 700 N. Garvin Street, in the City of Evansville, County of Vanderburgh, State of Indiana, by the use of force and the imminent threat of force on the said Pamela B. Jackson, by knowingly attempting to unzip the pants of the said Pamela B. Jackson while she was so confined and by knowingly threatening to kill the said Pamela B. Jackson if she resisted his attempts to undress her, all of which conduct constituted a substantial step toward the crime of Child Molesting, all in violation of I.C. 35–41–5–1 and I.C. 35–42–4–3."

It is clear this Information charged Dixon with attempted child molesting by attempting to perform sexual intercourse and did not charge him with attempting to perform deviate sexual conduct.[2]

■ On appeal Dixon questions the propriety of giving Instruction No. 4 which read:

"The court instructs you that the statute of our State defines Child Molesting Class A as charged in Count I of the Information as follows:

(c) A person sixteen (16) years of age or older who, with a child twelve (12) years of age or older but under sixteen (16) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class C felony. However, the offense is a Class A felony if it is committed by using or

threatening the use of deadly force, or while armed with a deadly weapon."

Dixon alleges it was erroneous to give this instruction because he was not charged with attempting to commit child molesting by engaging in deviate sexual conduct, yet the jury was instructed that engaging in deviate sexual conduct was a form of child molesting.[3]

■ Generally it is not erroneous to give an instruction in the language of the applicable statute, *Musick v. State*, (1972) 258 Ind. 295, 280 N.E.2d 602; *Zarnik v. State*, (1977) 172 Ind.App. 593, 361 N.E.2d 202, but within Instruction No. 4, the jury was advised this statutory section which they were being given defined "Child Molesting Class A *as charged* in Count I of the Information." (emphasis added) Our examination of Instruction No. 4 reveals, however, that although it did set forth the statutory section which Count I *charged* Dixon with violating, the instruction was not limited to defining child molesting *as charged* in the Information since it defined child molesting as engaging in either deviate sexual conduct or sexual intercourse. While it would have been proper to instruct the jury as to the statutory section which Dixon was charged with violating, it was improper to state this instruction defined the crime "as charged." We, therefore, find the court erred in giving Instruction No. 4; however, we do not believe reversal is warranted.

It is readily apparent Instruction No. 4 neither expressly states nor even alludes that attempted deviate sexual conduct is a lesser included offense of the offense charged. Clearly, deviate sexual conduct and sexual intercourse are two different acts, Ind.Code 35–41–1–2; thus, this section of our child molesting statute, Ind.Code 35–42–4–3(c), embraces two distinct types of child molesting, *see Addis v. State*, (1980) Ind.App. 404 N.E.2d 59, neither of which would be a lesser included offense of the other.

Since we find no language within Instruction No. 4 intimating deviate sexual conduct is a lesser included offense, we reject Dixon's argument that the trial court erred by so instructing the jury.

2. Pursuant to Ind.Code 35–42–4–3(c), a person sixteen years of age or older who performs or submits to sexual intercourse or deviate sexual conduct with a child twelve years of age or older but under age sixteen, commits child molesting. Consequently, under this statutory section a person may be guilty of child molesting by engaging in either sexual intercourse or deviate sexual conduct.

3. Within appellant's argument regarding the propriety of giving Instruction No. 4, Dixon also asserts it was erroneous to give this instruction because it improperly instructed "the jury on the offense of Attempted Child Molesting by means of attempted deviant conduct as a lesser included offense." This assertion is specious.

" 'A violation of the rule that the instructions must not be broader than the indictment or information will not cause a reversal, where it appears from the record that the jury were not misled to the prejudice of the defendant, ....' " *Campbell v. State*, (1925) 197 Ind. 112, 149 N.E. 903, 905, *quoting* 1 Randall's Instructions to Juries, § 134. Clearly, not every infirmity which appears in an instruction necessitates reversal since the erroneous language may not vitiate the whole charge of which it forms a part. Our concern is that the jury was not permitted to find the appellant guilty of an offense defined by statute but which was not charged.

█ Before we will declare an erroneous instruction to be reversible error, we must be convinced it has been harmful to the appellant. *Campbell v. State, supra.* In making this determination, we will consider all the instructions with reference to each other and as an entirety, and error in one instruction will not result in reversal unless the error is such that the whole charge of which it forms a part injures the appellant by misleading the jury as to the law of the case. *Porter v. State*, (1979) Ind., 391 N.E.2d 801; *Ferrier v. State*, (1977) 266 Ind. 117, 361 N.E.2d 150.

In the case at bar the jury was advised to consider all the instructions as a whole and to construe them in harmony with each other. In addition to Instruction No. 4, the jurors were given an instruction which expressly set forth Count I of the Information and were told the State had to establish the material allegations of this Information beyond a reasonable doubt before they could find Dixon was guilty. We also note that unlike *Shelton v. State*, (1936) 209 Ind. 534, 199 N.E. 148, which Dixon relies upon to support his assertion that giving Instruction No. 4 was reversible error, proof was not tendered in this case to support the charge set forth in the erroneous instruction.

In *Shelton*, the appellant was charged with committing manslaughter while driving under the influence of intoxicants and while driving at a speed greater than was reasonable and prudent. There was sharp conflict in the evidence regarding the appellant's intoxication and driving speed, but there was undisputed evidence indicating Shelton had been operating his truck recklessly. Under the instructions, the jury was permitted to find Shelton guilty if they concluded he had been driving while under the influence or at an unlawful speed or in a reckless manner. Our Supreme Court reversed Shelton's conviction because the Court was concerned he might have been found guilty of manslaughter based upon proof of an uncharged unlawful act (reckless driving). This is not, however, the situation herein; Dixon was not found guilty of the alleged child molesting based upon proof showing he had attempted to engage in deviate sexual conduct. As Dixon candidly admitted in his objection to Instruction No. 4, there was not "any proof in the record, that there was any deviate sexual conduct committed by this defendant."[4] The evidence herein was sufficient to sustain Dixon's conviction for attempted child molesting by attempting to engage in sexual intercourse, but the record is virtually devoid of evidence to support a charge of attempted deviate sexual conduct;[5] therefore, in light of the proof rendered at trial as well as the other instructions tendered,

---

4. "Deviate sexual conduct" as defined in Ind. Code 35–41–1–2 is limited to "an act of sexual gratification involving a sex organ of one person and the mouth or anus of another person."

5. We cannot accept the dissent's underlying proposition that the evidence is "equally supportive" of an intent to perform sexual intercourse or deviate sexual conduct. While it is true this court cannot be absolutely certain what sexual conduct Dixon intended to commit, we reject the dissent's assertion that this necessarily makes it just as probable Dixon intended to engage in deviate sexual conduct as opposed to sexual intercourse. As Dixon points out in his brief, "Deviant sexual conduct and sexual intercourse by, definition, are mutually exclusive. The proof necessary to establish the commission of one is far different than that needed to show commission of the other." We, therefore, do not believe it is "inconsistent" to conclude proof was introduced evidencing an intent to perform sexual intercourse but proof was not introduced showing an intent to engage in deviate sexual conduct.

we find any error in giving Instruction No. 4 to have been harmless.[6]

■ Dixon also urges the court erred in giving Instruction No. 12 which provided:

"Culpability is defined by statute as follows:

A person who engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so.

A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so.

Unless the statute defining the offense provides otherwise, if a kind of culpability is required for commission of an offense, it is required with respect to every material element of the prohibited conduct."

Dixon's argument assailing the propriety of giving instruction is much the same as that asserted against Instruction No. 4 in that Dixon contends since the Information charged him with acting "knowingly," the court should not have instructed the jury on the definition of "intentionally."

After again reviewing the proof rendered at trial as well as the other tendered instructions, we are convinced the error, if any, in giving Instruction No. 12 was not fatal. "Intentionally" requires even greater proof than "knowingly;" therefore, this instruction to Dixon's advantage and no harm has been demonstrated.

### III. Evidence of Other Crimes

In his remaining assertion of error Dixon alleges the testimony by two employees at St. Joseph School regarding his conduct and visit to their school should not have been admitted because it showed his involvement in another crime, namely, criminal trespass. We, however, find this testimony was properly admitted.

■ Generally evidence showing the commission of another crime by the accused, separate and distinct from the crime charged, will not be admitted to prove the guilt of the accused, *Gross v. State*, (1977) 267 Ind. 405, 370 N.E.2d 885; *Maldonado v. State*, (1976) 265 Ind. 492, 355 N.E.2d 843; however, when such evidence is otherwise competent and relevant to the facts at issue it is admissible, particularly where the two crimes are related. *Woodard v. State*, (1977) 267 Ind. 19, 366 N.E.2d 1160; *Mack v. State*, (1978) Ind.App., 380 N.E.2d 592. Our state has long recognized that happenings near in time and place which complete the story of the crime are admissible under the theory of *res gestae*, despite the tendency of this evidence to show the accused's guilt of another crime. *Brown v. State*, (1981) Ind., 417 N.E.2d 333; *Gross v. State*, (1977) 267 Ind. 405, 370 N.E.2d 885; *Tapp v. State*, (1980) Ind.App., 406 N.E.2d 296.

■ We find no error in admitting the evidence regarding the events which transpired at St. Joseph School since this clearly involved happenings near in time and place and helped to complete the story of the alleged offense. Although the trial court may have been incorrect when it intimated this testimony was admissible because it went to the question of identification, we believe the evidence was, nevertheless, properly admitted.

The judgment of the trial court is affirmed.

MILLER, J., concurs.

YOUNG, J., dissents with opinion.

YOUNG, Judge, dissenting.

I dissent.

While I recognize our standard of review as set forth in detail by the majority, I cannot agree that there is substantial pro-

---

6. Our review has been confined to whether it was reversible error to give Instruction No. 4 since Dixon was not formally charged with deviate sexual conduct and proof was not rendered to support this charge. These were the only objections offered by Dixon at trial which have been advanced on appeal. We note that while Dixon contends giving this instruction may have misled the jury since they were instructed on an uncharged crime, Dixon never alleges the jury was otherwise misled due to the actual language used in this instruction.

bative evidence from which a jury could reasonably find that the defendant intended to perform sexual intercourse.

Under the charging instrument, the State was required to prove that the defendant engaged in an overt act which constituted a substantial step toward performing sexual intercourse *and* that he possessed the requisite culpability: the intent to perform sexual intercourse. *See, e. g., Zickefoose v. State,* (1979) Ind., 388 N.E.2d 507. I.C. 35–41–1–2 defines sexual intercourse as "an act that includes any penetration of the female sex organ by the male sex organ". Therefore, to convict the defendant as charged, there must be substantial probative evidence of his specific intent to penetrate. *See, e. g., Scott v. State,* (1980) Ind., 413 N.E.2d 902.

Briefly stated, the relevant evidence most favorable to the verdict establishes that the defendant attempted to unzip the victim's zipper, located in the front of her jeans, after knocking her down and preventing her escape by threatening to kill her if she screamed or tried to get away. When he stopped her escape, he pulled her by the waist. Her zipper, waist and shoulders were the only parts of her clothing and body touched. Even though he threatened to kill her if she screamed or tried to get away, he did nothing to indicate that he intended to perform intercourse as opposed to other uncharged criminal deviate sexual acts.[1]

In determining if the defendant possessed the requisite criminal intent, the majority correctly states that the jury could consider Dixon's conduct and the natural and usual sequence to which such conduct logically points. *Byassee v. State,* (1968) 251 Ind. 114, 239 N.E.2d 586. However, the conduct must also be *strongly* corroborative of the firmness of the defendant's criminal intent. *Zickefoose v. State,* (1979) Ind., 388 N.E.2d 507. In this case, Dixon's conduct was not strongly corroborative of the firmness of an intent to perform intercourse; rather, his conduct was equivocal. While it clearly indicates some criminal intent, I cannot conclude, as the majority has, that a jury could reasonably determine that the natural and usual sequence to which the above conduct logically pointed was sexual intercourse to the exclusion of other offenses.

Unlike the defendants in *Byassee v. State, supra* and *Himes v. State,* (1980) Ind., 403 N.E.2d 1377, Dixon said nothing to indicate an intention to have intercourse. In *Byassee* there was evidence of sexual comments in addition to forceful and damaging blows accompanying demands that the girl disrobe. Similarly, the defendant in *Himes, supra* indicated his intentions when he responded to the victim's statement "I'm a decent girl. What do you want?", with a "smirk" and the comment "You know what I want". No such comments were made by Dixon to indicate his intentions. Neither were his acts strongly corroborative of an intention to perform intercourse rather than some other uncharged act of child molesting. To be sufficient to sustain a conviction, a reasonable inference of guilt of the crime charged must be based on more than mere suspicion, conjecture, conclusion, guess, opportunity, or scintilla. *Reutz v. State,* (1978) 268 Ind. 42, 373 N.E.2d 152, 157, *cert. denied* 439 U.S. 897, 99 S.Ct. 261, 58 L.Ed.2d 245. From the evidence presented, no reasonable person could have concluded beyond a reasonable doubt that Dixon possessed the requisite culpability for the crime charged. Such a finding would have to be based on conjecture or speculation.

The evidence in the record, however, is sufficient to support a conviction for the lesser and included offense of Battery, a Class B misdemeanor. The elements of this offense are knowingly or intentionally touching another person in a rude, insolent or angry manner. I.C. 35–1–54–4. In comparing the elements of the verdict returned by the jury within the allegations of the information and the instructions, the defendant could be convicted of this offense.

---

1. Defendant is permitted to rely on the charge and to limit his defense to what is specifically charged. If there is doubt as to what offenses are charged, the doubt should be resolved in favor of the defendant. *Belcher v. State,* (1974) 162 Ind.App. 411, 319 N.E.2d 658.

On appeal, this court may order a modification of the judgment of conviction to that of a lesser included offense because of insufficiency of evidence on a particular element of the crime. *Lane v. State*, (1978) Ind.App., 372 N.E.2d 1223. *See also Ritchie v. State*, (1963) 243 Ind. 614, 189 N.E.2d 575. Ind.Rules of Procedure, Appellate Rule 15(N). I would, therefore, remand this cause to the trial court with instructions to modify the judgment and sentence consistent with this opinion.

Additionally, the giving of instruction 4 is harmful error in view of the majority's decision on the sufficiency question. Their finding of sufficient evidence of Dixon's intent to perform sexual intercourse is inconsistent with their finding that the record is devoid of evidence to support a charge of attempted deviate sexual conduct.[2] The majority contends that, unlike *Shelton v. State*, (1936) 209 Ind. 534, 199 N.E. 148, no proof was tendered to support the deviate sexual conduct charge set forth in the erroneous instruction and that Dixon admitted that there was no evidence that he committed deviate sexual conduct. However he did not admit that there was no evidence of an attempt at deviate sexual conduct.

If the evidence of Dixon's conduct is sufficient to support a jury finding of intent to perform intercourse, it is equally supportive of an intent to perform deviate sexual conduct since he did not indicate, through comment or conduct, what criminal sexual act he intended. The majority states that the evidence is not supportive of both and implies that it could not be because proof necessary to establish the commission of sexual intercourse is far different than that needed to establish the commission of deviate sexual conduct. I agree; however, this case deals with an attempt to commit sexual intercourse. Proof of an attempt to commit intercourse should also be different than that of an attempt to commit deviate sexual conduct but under the majority's decision on sufficiency, I cannot see how the evidence is sufficient to support one and not the other. If the majority would point out the evidence which suggests an intent to perform intercourse and then state why this evidence does not support an intent to perform deviate sexual conduct, I might be convinced.

Under the circumstances, I believe the jury may well have been convinced that Dixon was guilty of attempted child molesting by means of sexual deviate conduct, and, under the instructions of the court, returned its verdict of guilty solely upon this ground. Consequently, it cannot be said that the erroneous instruction did not prejudice Dixon's right and bring about a verdict of guilty upon a theory for which there is no basis in the Information upon which he was tried. *See, e. g., Shelton v. State, supra.*

The majority also suggests that the other instructions read as a whole would direct the attention of the jury to the specific charge concerning intercourse and thereby prevent the jury from being misled by instruction 4. The jury was read an instruction setting forth Count I and was advised to consider the instructions as a whole and in harmony with each other. However, these instructions could not prevent the jury from being misled by the erroneous instruction which expressly stated that child molesting as charged in Count I included deviate sexual conduct.

Thus, if the evidence was sufficient to support a verdict of the crime charged, it was also sufficient to support the additional crime as instructed and not charged. The instructions read as a whole could not overcome the misleading nature of the erroneous instruction. Therefore, the giving of this instruction would have to be harmful error.

I would find the error, however, in the initial holding of sufficiency of the evidence on intent and would remand this cause to the trial court with instructions to modify the judgment and sentence consistent with the initial part of this opinion. For these reasons, I dissent.

---

**2.** I.C. 35–41–1–2 defines deviate sexual conduct as "an act of sexual gratification involving a sex organ of one person and the mouth or anus of another person".