RONALD LEE GROSS *v.* STATE OF INDIANA.

[No. 172A16. Filed June 29, 1972. Rehearing denied August 4, 1972. Transfer denied October 26, 1972.]

*John G. Bunner,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant was charged by affidavit with Second Degree Burglary, found guilty as charged by a jury and sentenced to the Indiana Reformatory for a term of two to five years.

Defendant's Motion to Correct Errors contends: (1) The admission of State's Exhibits 2 and 3 (photographs of the premises) was an error of law; (2) The evidence was insufficient and (3) The verdict was contrary to law.

Defendant wavied Specification (1) in his brief at page 43, by stating:

"Defendant-appellant specifically waives the error set forth in specification 1 of his Motion to Correct Errors."

Specifications (2) and (3) will be considered together as both are based on defendant's contention that the State failed to prove either the ownership or the right to possession of the burglarized premises, or of the personal property intended to be taken.

The affidavit alleged that defendant burglarized ". . . the building and structure occupied by MARLO MANUFACTURING CORP., a corporation, then and there situated at 215 N. Main Street in the City of Evansville, . . . [with intent

to steal] the property of MARLO MANUFACTURING CORP., a corporation."

At the trial, Mr. Fletcher McKay stated that he was president of Marlo Manufacturing, located at 215 North Main Street, Evansville. He testified that on the 9th of January, 1971, at approximately 1:30 A.M. he was called to "my place of business", went into "our office," and was present when, as they testified, the police officers caught defendant inside a building located at 215 North Main Street and known as "Princess Nyla".

An employee testified that Princess Nyla Cosmetics Company and Marlo Manufacturing are "the same thing".

In a strikingly similar case, *Musick* v. *State* (1972), 258 Ind. 295, 280 N. E. 2d 602, the record was held to contain sufficient evidence of possessory interest to support the conviction. The court said:

> "It is well established in the law that the crime of burglary is an offense against the possession of property and not against the ownership thereof. See, *Jay* v. *State* (1965), 246 Ind. 534, 206 N. E. 2d 128, 207 N. E. 2d 501; *Bradley* v. *State* (1964), 244 Ind. 630, 195 N. E. 2d 347. In the case at bar, Mr. Polley testified that he operated the Polley Farm Store; he testified that he conducted his business transactions there; throughout his testimony, he referred to the store as 'our store' and 'our place of business.' This Court is of the opinion that the above uncontradicted testimony is sufficient to establish that George Polley was in possession of the premises allegedly burglarized by the appellant. Thus it was unnecessary for the State to establish absolute ownership of the premises in question, and such allegation in the Affidavit may be treated as mere surplusage. See, *Jay* v. *State, supra.*"

We therefore hold that while the State could easily have made the requisite proof in a more direct manner, the uncontradicted evidence was sufficient to prove that Marlo Manufacturing Corp. was in possession of the burglarized premises and the personal property therein.

Judgment affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported in 284 N. E. 2d 860.