CURTIS M. TURLEY *v*. STATE OF INDIANA.

[No. 572A251. Filed August 23, 1972.]

*Ralph O. Lafuze,* of Hagerstown, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert Colker,* Assistant Attorney General, for appellee.

ROBERTSON, P.J.—Defendant-Appellant (T u r l e y) was charged by affidavit with Second Degree Burglary. After a jury trial Turley was convicted of Entering to Commit a Felony (Theft) and sentenced accordingly for not less than one nor more than five years.

Turley's motion to correct errors alleges that the verdict was contrary to the evidence or not supported by sufficient evidence. It is contended that the state made no showing: (a.) that Turley was not authorized to enter the building; (b.) that Turley was not authorized to be in possession of the articles removed; and (c.) that the building was occupied by Operation Mainstream, a subsidiary of the Office of Economic Opportunity. (At the time in question Turley was employed by Operation Mainstream.)

A conviction must be affirmed if there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Gann* v. *State* (1971), 256 Ind. 429, 269 N. E. 2d 381; *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89.

This court will not weigh the evidence nor resolve the questions of credibility, but will look to the evidence most favorable to the state and the reasonable inferences therefrom which support the verdict of the jury. *Washington* v. *State* (1971), 257 Ind. 40, 271 N. E. 2d 888; *Davis* v. *State* (1971), 256 Ind. 58, 271 N. E. 2d 893.

We are of the opinion that sufficient evidence existed to warrant the jury's verdict of guilty.

The affidavit charged Turley with the burglary of a building occupied by Tony DeNardis and Operation Mainstream, a subsidiary of the Office of Economic Opportunity. Mr. DeNardis testified that he worked with Operation Mainstream, where it

was located and what his responsibilities were. His testimony was sufficient to identify the possessory interest involved in the instant case to support the verdict. See: *Musick* v. *State* (1972), 258 Ind. 295, 280 N. E. 2d 602 and *Gross* v. *State* (1972), 152 Ind. App. 626, 284 N. E. 2d 860.

Turley's argument that no showing was made that he was not authorized to either enter the building or be in possession of the property taken is also without merit. The testimony of an accomplice amply demonstrated the breaking and entering as well as the removal of the property under such circumstances that the jury could well infer such authorization was absent. See *Tuggle* v. *State* (1969), 253 Ind. 279, 252 N. E. 2d 796.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported in 286 N. E. 2d 223.