PATRICK HENRY DAVIS *v.* STATE OF INDIANA.

[No. 472A192. Filed September 27, 1972. Rehearing denied October 31, 1972.]

*David F. McNamar, Steers, Klee, Sullivan & LeMay,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen J. Cuthbert,* Deputy Attorney General, for appellee.

WHITE, J.—Defendant appeals from a sentence of confinement from an indeterminate term of not less than two years nor more than five years, disfranchisement of two years, and costs, imposed upon conviction of second degree burglary.

The only error alleged on appeal is that there was insufficient evidence to support the conviction. Considering, as we must, only the evidence and reasonable inferences therefrom most favorable to the state,[1] we note the following: Defendant was discovered about 9:00 P.M. hiding under a truck in the garage of a candy and tobacco wholesaler. The building's doors had been padlocked by the last employee to leave earlier that day. When defendant was discovered one door was open and its padlock was open and hanging on the latch. There were no physical marks on the padlock to show that any force had been used to open it. Boxes of cigarettes and other items had been moved to a point near the opened door.

First, defendant contends that the State failed to prove a "breaking." That contention is refuted by the testimony of the last employee to leave the building. He testified that he locked the doors when he left the garage. As noted by the Indiana Supreme Court in the case of *Cockerham* v. *State* (1965), 246 Ind. 303, 308, 204 N. E. 2d 654, 657, 4 Ind. Dec. 619, 622:

> ". . . no one could enter the . . . [building] with the windows and doors locked and closed without opening such doors or windows. This would constitute a "breaking" even though there be no physical marks showing that force was used. As a matter of logic, no one could conclude otherwise than that a door or window had to be pushed open to get inside the . . . [building]. We must therefore find that there was sufficient evidence to sustain the verdict of the jury."

Defendant's second contention is that the State failed to prove that he had the intent required by the statute. Proof of intent to commit the crime of theft is provided by the evidence that there were various items which had been placed by the door and that the defendant was found hiding under a truck. This evidence is strikingly similar to that held sufficient in *Young* v. *State* (1971), 257 Ind. 173,

---

1. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89; *Cansler* v. *State* (1972), 258 Ind. 450, 281 N. E. 2d 881, 30 Ind. Dec. 574.

273 N. E. 2d 285, 287, 27 Ind. Dec. 54, 56; *Thomas* v. *State* (1970), 255 Ind. 131, 263 N. E. 2d 158, 159, 23 Ind. Dec. 242, 244; and *Raymer* v. *State* (1964), 244 Ind. 644, 647, 195 N. E. 2d 350, 351, 2 Ind. Dec. 544, 545.

The judgment is affirmed.

Buchanan, P.J., and Sullivan, J., concur.

NOTE.—Reported in 287 N. E. 2d 590.