ROBERT GOODRICH, JR. *v*. STATE OF INDIANA.

[No. 2-273A47. Filed November 5, 1973.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Carr L. Darden, Sr.,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

HOFFMAN, C.J.—This is an appeal by defendant-appellant Robert Goodrich, Jr. from a judgment denying his petition for post-conviction relief.

Appellant Goodrich was charged by affidavit on April 22, 1971, with the crime of second degree burglary. To this charge, he pleaded not guilty. On August 12, 1971, following trial by the court, Goodrich was found guilty and was sentenced on August 26, 1971, to the custody of the Indiana State Reformatory for a period of not less than two years nor more than five years and costs.

On December 2, 1971, appellant filed a petition for post-conviction relief. Subsequently, such petition was denied on the ground that Goodrich had failed to sustain his burden of proving the allegations contained therein by a preponderance of the evidence. On September 15, 1972, a second such petition was filed. Thereafter, on November 1, 1972, the trial court sustained a motion by the State to dismiss the second petition and this appeal ensued.

The evidence most favorable to the State discloses that on February 3, 1971, at shortly after ten o'clock P.M. a police radio call directed Officer Dennis E. Kraeszig of the Indianapolis Police Department to the Proctor and Tarplee Color TV Sales and Services building at 4035 East Thirtieth Street, Indianapolis, Indiana. This call was broadcast in response to an alert from the building's alarm system.

Officer Kraeszig testified that upon his arrival at the scene he went to the rear of the building where he observed an air conditioner lying on the ground and a hole in the wall where the air conditioner had been. He also discovered defendant Goodrich inside the building. Kraeszig ordered Goodrich to come out. Defendant complied by exiting through the hole once occupied by the air conditioner. Officer Kraeszig further testified that he found one Ultra Vista converter and a tire tool on the ground outside the building.

Mr. Leo R. Tarplee, a partner in Proctor and Tarplee Color TV Sales and Services, testified that the building in which the business was housed was not a place of human habitation. He further testified that he had closed and locked the store at approximately six or seven o'clock P.M. on February 3, 1971. Later, on the evening in question, he was called back to the building by the store's alarm system which had been activated and also by the Indianapolis Police Department. Upon arrival, Tarplee noticed the displaced air conditioner and also found that a UHF converter which belonged to him was missing. Further, he noted that an interior door had been broken down. Mr. Tarplee testified that he had not authorized defendant Goodrich to be in the building nor had he authorized Goodrich to remove anything from the building.

The first issue to be considered is whether the evidence presented to the trial court was sufficient to sustain the trial court's verdict of guilty of the crime of second degree burglary.

This court, on appeal in a criminal action, will not weigh the evidence nor determine the credibility of witnesses, but will consider only that evidence and the reasonable inferences therefrom which support the verdict of the trial court. *Sanchez* v. *State* (1971), 256 Ind. 140, 267 N.E.2d 374; *Glover* v. *State* (1970), 253 Ind. 536, 255 N.E.2d 657.

If, from that perspective, there is substantial evidence of probative value sufficient to establish every material element

of the crime charged beyond a reasonable doubt, the verdict of the trial court will not be disturbed. *Phillips* v. *State* (1973), 260 Ind. 321, 295 N.E.2d 592; *Dunn* v. *State* (1973), 260 Ind. 142, 293 N.E.2d 32.

In *Cook* v. *State* (1972), 258 Ind. 667, 284 N.E.2d 81, at 84, the court defined the elements of second degree burglary to be "(a) breaking and entering into (b) any building other than a dwelling house (c) with the intent to commit a felony therein." See: *Prather* v. *State* (1969), 252 Ind. 141, 246 N.E.2d 479; IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956).

In the case at bar, testimony of Mr. Tarplee established that the building in question had been "closed and locked" earlier in the evening. Officer Kraeszig testified that he had seen Goodrich in the building and had ordered him to come out. From this evidence alone, it would be reasonable to infer that a "breaking and entering" had occurred. *Cockerham* v. *State* (1965), 246 Ind. 303, 204 N.E.2d 654; *Davis* v. *State* (1972), 153 Ind. App. 340, 287 N.E.2d 590.

Moreover, both Mr. Tarplee and Officer Kraeszig testified that an air conditioner had been displaced from its position in the rear wall of the building. The absence of the air conditioner from its usual place in the wall left a hole.

In order to constitute a "breaking" within the meaning of § 10-701, *supra,* an actual fracturing or injury to a material part of a building such as a door or a window is not required. The placing aside of any material part of a building intended as security against invasion is sufficient. *Cockerham* v. *State, supra; Barrick* v. *State* (1954), 233 Ind. 333, 119 N.E.2d 550. The placing aside of an air conditioner permitting a means of access to the interior of a closed and securely locked building also constitutes sufficient evidence of probative value to warrant the determination that a "breaking" had occurred.

Further, the testimony of Mr. Tarplee that the building in question was his place of business and was not a place of human habitation was sufficient to establish that it was a "building other than a dwelling house." Thus, the second essential element of the crime of second degree burglary was satisfied.

The third element of the crime is "intent to commit a felony therein." Proof of intent, in the instant case, is provided by evidence that an Ultra Vista converter belonging to Mr. Tarplee was found on the ground outside of the building in question and that the defendant was discovered inside. This evidence is substantially similar to that held to be sufficient in *Young* v. *State* (1971), 257 Ind. 173, 273 N.E.2d 285; *Thomas* v. *State* (1970), 255 Ind. 131, 133, 263 N.E.2d 158; *Davis* v. *State, supra.*

Accordingly, there exists sufficient evidence of probative value to sustain the trial court's verdict of guilty of the crime of second degree burglary.

The final issue presented for review is whether defendant-appellant Goodrich received competent representation by counsel during his trial.

Our Supreme Court in *Isaac* v. *State* (1971), 257 Ind. 319, at 329-30, 274 N.E.2d 231, at 237, has stated that "there is a presumption that an attorney has discharged his duty fully, and it requires strong and convincing proof to overcome this presumption." See: *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686, 696.

Testimony of Goodrich, under cross-examination, at his post-conviction relief hearing reads, in part, as follows:

"Q. I see. You did say he advised you of your constitutional right, didn't you, before you went to trial?
"A. Of my rights.
"Q. Mr. Mullin.
"A. Advise me of my constitutional . . .
"Q. Yes.

"A. Yes, he did.

"Q. You hired him and paid him privately, didn't you?

"A. Right.

"Q. He advised you about a speedy trial that you requested, didn't he?

"A. Yes.

"Q. And he advised you that you had a right to trial by jury, didn't he?

"A. Right.

"Q. You, in fact, waived that trial by jury?

"A. Right."

In addition to appellant's testimony that he was advised of his rights by counsel prior to his trial, the record does not indicate perfunctory representation by counsel during trial and it cannot be said that the trial was, in any way, a mockery of justice. *Robbins* v. *State* (1971), 257 Ind. 273, 274 N.E.2d 255.

No reversible error having been shown, the judgment of the trial court is affirmed.

Affirmed.

Robertson, P.J. and Staton, J., concur.

NOTE.—Reported at 302 N.E.2d 885.