RICHARD TINSLEY *v.* STATE OF INDIANA.

[No. 2-107A264. Filed July 8, 1975. Rehearing denied September 18, 1975.]

684

*David F. McNamar, John Muller, Steers, Klee, Sullivan, McNamar & Rogers*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Harry John Watson, III*, Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Richard Tinsley (Tinsley) was convicted of entering with intent to commit a felony, to-wit: theft, following a trial to the court.[1] His motion to correct errors was overruled, and this appeal was perfected.

On appeal, Tinsley first questions the sufficiency of the evidence adduced at trial to support his conviction. When questions regarding the sufficiency of the evidence to support a conviction are raised on appeal, this court will only consider the evidence most favorable to appellee-State together with all reasonable inferences to be drawn therefrom. We will neither weigh the evidence nor determine the credibility of witnesses. *Freeman* v. *State* (1975), 163 Ind. App. 650, 325 N.E.2d 485.

The statements of fact and reasonable inferences therefrom most favorable to the State in the record of this cause establish that at approximately 3:00 P.M. on Saturday, March 23, 1974, officers of the Indianapolis Police Department proceeded to the business premises of the "Daily Delivery Service, Inc." Such business was closed on this day, and a silent alarm protecting such premises had been activated by the removal of a portion of a door.

Upon his arrival at the building, Indianapolis Police Officer Daniel Wade discovered a Cadillac automobile parked outside with the engine running. Officer Wade then observed that "[t]he door on the north side was ajar", and, after entering the building, discovered appellant-Tinsley inside. At this time, Tinsley was pushing a cart belonging to Daily Delivery

---

1. See: IC 1971, 35-13-4-5, Ind. Ann. Stat. § 10-704 (Burns 1956).

Service, Inc. through the building. Tinsley was then placed under arrest and taken outside, where Officer Wade observed "a Sony t.v." in the open trunk of the automobile. Upon closer examination a quantity of special commercial rubber gloves was also discovered. These rubber gloves had been left with Daily Delivery Service, Inc. by a customer for delivery.

Appellant was convicted of violating the provisions of IC 1971, 35-13-4-5, Ind. Ann. Stat. § 10-704 (Burns 1956), which makes it a crime for anyone to enter certain types of structures, including business-houses, with the intent to commit a felony therein. This statute requires only proof of an entry accompanied by felonious intent. Cf: *Abshire* v. *State* (1927), 199 Ind. 478, 158 N.E. 228.

The evidence in the case at bar clearly establishes an entry by Tinsley into the business premises of Daily Delivery Service, Inc. However, Tinsley asserts that the evidence discloses no felonious intent on his part. In determining the existence of such intent in the case of *Young* v. *State* (1971), 257 Ind. 173, at 177-78, 273 N.E.2d 285, at 287-88, Justice Hunter, speaking for our Supreme Court, stated:

> "Appellant next contends that the evidence is insufficient to sustain a finding of intent to commit a felony. We do not agree. Intent may be inferred from the circumstances of the case. See, *Robinson* v. *State* (1971), 257 Ind. 38, 271 N.E.2d 727; *McIntosh* v. *State* (1970), 254 Ind. 484, 260 N.E.2d 775. The facts indicate that certain valuable items had been placed toward the center of the room; an automobile was parked outside the house with its motor running; appellant was found hiding in the bedroom closet by the investigating police officer. From these uncontradicted facts the jury could have reasonably and logically inferred that appellant intended to remove these items from the house to the awaiting automobile, but that before this could be accomplished, appellant was surprised by Officer Lee."

In the case at bar, property had been removed to a waiting automobile prior to the arrival of the police, and Tinsley was found inside the building. The trial court, acting as the trier

of fact, could have reasonably inferred the requisite intent based upon these facts.

Tinsley further asserts that the evidence fails to establish that his entry and the removal of property were unauthorized. However, the evidence discloses that Tinsley was discovered in a business-place on a day when it was closed, that property had been removed from such business-place, and that immediately prior to Tinsley's apprehension a forced entry had been made into the premises which activated an alarm system. Although the evidence herein contains no direct showing of a lack of authorization of Tinsley's entry into the business-place, the absence of such authorization could have been inferred by the trier of fact from the circumstances surrounding such entry. *Turley* v. *State* (1972), 153 Ind. App. 156, 286 N.E.2d 223.

It must be concluded that the judgment of the trial court is supported by sufficient evidence. Cf: *Goodrich* v. *State* (1973), 158 Ind. App. 416, 302 N.E.2d 885.

Appellant attempts to raise an additional contention on appeal which was not presented to the trial court in his motion to correct errors. Such contention must be deemed to be waived on appeal. *Spivey* v. *State* (1971), 257 Ind. 257, 274 N.E.2d 227. Furthermore, the gist of appellant's contention is that he was entitled to counsel and an adversary proceeding in the hearing conducted by the trial court to consider probable cause. To the extent appellant seeks to raise a constitutional issue, the question has been decided by the Supreme Court of the United States adversely to his contentions in *Gerstein* v. *Pugh* (1975), 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54.

No reversible error having been demonstrated, the judgment of conviction of the trial court is affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 330 N.E.2d 399.