**Steven SKIPWORTH, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1285S534.**

Supreme Court of Indiana.

June 24, 1987.

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Burglary, a Class B felony, and a finding that he was an habitual offender. The court imposed a sentence of twenty (20) years on the count of burglary, which was enhanced by thirty (30) years by reason of his status as an habitual criminal.

In mid-morning on April 11, 1984, Joe Penn, a resident of 4910 South Carson Avenue, was looking out a window of his home when he saw a couple, who he did not recognize as residents of the neighborhood, walking down the street. As he watched the couple, they entered the premises of 4901 South Carson Avenue across the street from Penn's home. He observed that the man was wearing bluejeans and a jacket, and that the woman was dressed "darker" and had bright red hair. He observed the couple go to the porch at the side of the home where the man opened the storm door and tried to open the inner door. When the door did not open, they hesitated and appeared to scan or look around the neighborhood. As Penn continued to watch, the man placed his shoulder against the door in such a fashion that Penn realized he was not unlocking the door but was actually breaking in.

At that moment, Penn picked up the telephone and called the sheriff. While waiting for the sheriff, he continued to observe the house across the street. After seven to ten minutes, the couple left the house through the same door they had entered and retraced their steps. Penn observed the couple walk north on Carson. He decided to get in his car and follow them. As he did so, he saw the sheriff's deputy arriving in the area.

As the deputy passed Rue Chanel, another street in the neighborhood, he saw the couple, who had been described over the police radio, walking on that street. The deputy backed up and drove onto Rue Chanel. Penn followed the deputy as the deputy followed the suspects. Another police car arrived on the scene and appellant was arrested and searched by the police officer. Penn identified the man as the same person he had seen breaking into the house.

Shortly thereafter, Penn arrived at his own home and in a few minutes the deputies appeared at his house with appellant and the same red-haired lady Penn had seen accompanying appellant during the break-in. After the arrest, police found an automobile parked on Rue Chanel registered to Carolyn Skipworth, the wife of appellant. The red-haired woman was identified as Martha Adams.

Leroy Stinson testified that he was the resident of 4901 South Carson Avenue. He testified that he had never met Skipworth or Adams and that he never gave either of them permission to enter his locked home. He testified that many things in his home had been disturbed from their normal place.

At the time she was arrested, Adams had a pry bar in her possession which matched pry marks on Stinson's door frame.

■ Appellant claims there is insufficient evidence to sustain the verdict of the jury. He recognizes that this Court will not reweigh the evidence. *Williams v. State* (1973), 260 Ind. 543, 297 N.E.2d 805. Appellant claims that the evidence in this case is insufficient to support any reasonable inference that he committed the elements of the charged offense, citing *Phillips v. State* (1973), 260 Ind. 321, 295 N.E.2d 592. However, the evidence in this case is overwhelming.

Appellant and his companion were observed by an eyewitness breaking into the premise in question and were seen emerging some seven to ten minutes later by the same eyewitness. Identification given over the telephone by that eyewitness to police officers was sufficient for an officer to apprehend the suspects when he observed them in the neighborhood. Immediately after their apprehension both suspects were again identified by the eyewitness. He also identified appellant at the trial. It is difficult to conceive how a much stronger case could be made by the State. The evidence in this case is overwhelming to support the verdict of the jury.

■ Appellant claims he was not represented by competent counsel, but he gives us no specifics in this regard. He merely relies upon general allegations that his counsel did not represent him vigorously, that he did not object to the exhibits tendered by the State and that he did not present the jury with any alternatives other than that of a guilty finding. We see nothing in this record to support any claim of incompetence on the part of trial counsel.

Appellant does not point out any valid objection which counsel might have made against any tendered exhibits, nor do we observe any possibility of a successful objection to such exhibits. No matter how competent, counsel is faced with the strength of the case made by the State in a criminal action.

Given the facts in this case, it is difficult to imagine what "alternatives" counsel might have offered the jury. Counsel's conduct of the defense in this case was more than adequate to withstand the test laid down in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

The trial court is affirmed.

SHEPARD, C.J., and DEBRULER, PIVARNIK and DICKSON, JJ., concur.