Laquania **WALLACE**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0804–CR–306.

Court of Appeals of Indiana.

Dec. 5, 2008.

Rehearing Denied Feb. 2, 2009.

Susan D. Rayl, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Alex O. James, Matthew Whitmire, Deputy Attorneys General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Laquania Wallace appeals his convictions for Theft, as a Class D felony,[1] and Criminal Mischief, as a Class A misdemeanor.[2] We affirm.

### Issue

Wallace raises two issues[3] on appeal, but we only address one as our conclusion is dispositive of the other: Whether there was sufficient evidence to support his convictions as to the ownership of the House, furnace and water heater.

### Facts and Procedural History[4]

On October 12, 2007, next-door neighbors heard loud noises coming from the house at 1149 West 31st Street (the "House") in Marion County. When the next-door neighbors peered out the window, they observed Wallace and Chester Smith pulling a large metal object up the alley. They called the police. When police arrived, they found Wallace and Smith in the alley carrying a furnace and water heater. Officer James Briggs inspected the vacant House and discovered that the furnace and water heater were missing. Officer Briggs also observed damage to the exterior rear door to the House, indicating that the door was pried open.

---

1. Ind.Code § 35–43–4–2.

2. Ind.Code § 35–43–1–2.

3. Because we conclude that there is sufficient evidence as to the ownership of the house and property in question, we need not address Wallace's issue of inconsistent verdicts.

4. We heard oral argument in this case on November 18, 2008, in Indianapolis. We commend counsel for their excellent written and oral advocacy.

The State charged Wallace with Burglary, as a Class C felony,[5] Theft, as a Class D felony, and Criminal Mischief, as a Class A misdemeanor. After the State's case-in-chief was concluded at the bench trial, Wallace moved for a judgment on the evidence for all counts. The trial court granted the motion as to the Burglary count, but denied it as to the other two counts. Wallace was found guilty as charged on the remaining counts and was sentenced to one year on each count to be served concurrently on a home-detention program.

Wallace now appeals.

### Discussion and Decision

Wallace contends that the evidence is not sufficient to sustain his convictions because the State did not prove beyond a reasonable doubt that Steve Bowman owned the stolen and damaged property, as specified in the charging information. He bases his argument on the trial court's conclusion that there was a question of fact as to the ownership of the House. The State argues that, while the Burglary charge cannot be retried, the trial court erred as a matter of law to require proof of ownership of the house rather than a possessory interest. The State also contends that there is sufficient evidence to demonstrate that Bowman had possessory interest in the House as well as the furnace and water heater. We agree.

In addressing a claim of insufficient evidence, we do not reweigh the evidence or reevaluate the credibility of witnesses. *Rohr v. State,* 866 N.E.2d 242, 248 (Ind. 2007), *reh'g denied.* We view the evidence most favorable to the verdict and the reasonable inferences therefrom and will affirm the conviction if there is substantial evidence of probative value from which a reasonable jury could find the defendant guilty beyond a reasonable doubt. *Id.*

For the State to convict Wallace of Theft and Criminal Mischief, it was required to prove in part that the defendant exerted unauthorized control over and damaged or defaced property of another person. *See* Ind.Code §§ 35–43–4–2 and 35–43–1–2. For the Criminal Mischief charge, the information alleged that Wallace damaged the House by ripping the furnace and water heater from the basement. Although the charge was dismissed, to obtain a conviction of Burglary, the State needed to prove in part that the House was a building or structure of another person. *See* Ind.Code § 35–43–2–1.

At trial, Bowman testified that approximately one year before trial he had purchased the House to use as a rental property and had installed a new furnace and water heater. Bowman said that, prior to the offense, he visited the House in the last week of September 2007. Before departing the House, Bowman locked both the front and back doors. After Wallace and Smith were arrested, the police contacted Bowman to inform him of the break-in at the House. Bowman inspected the House on October 15, 2007, to assess the damage. Bowman estimated the amount of damage due to the removal of the furnace and water heater to be approximately $3000. Photos were also admitted into evidence, depicting the damage to the House basement due to the manner in which the appliances were removed.

On cross-examination, Wallace's counsel presented Bowman with a document in an attempt to refresh his memory as to his ownership of the House on October 12, 2007. When questioned, Bowman acknowledged that the House had gone through foreclosure but that he did not

---

**5.** Ind.Code § 35–43–2–1.

believe the sale was final until January 2008. After reviewing the document that was purportedly the record of the sheriff's deed for the House, Bowman stated that the document had not refreshed his memory as to the timeline of when he actually lost ownership of the House. Bowman asserted that it was not until January of 2008 that he was no longer the owner. Bowman stated that to know the precise date he lost ownership that he would need to contact his mortgage company. Also, Bowman noted that the document presented by defense counsel did not contain his signature and that the police contacted him based on their records of ownership. The document tendered to Bowman was not entered into evidence.

On Wallace's motion to dismiss the burglary charge, the trial court concluded there was "an open question as to Count One [Burglary], ownership of the property." Trial Transcript at 68. Based on this conclusion, the trial court acquitted Wallace of the Burglary charge. We believe the trial court's conclusion is incorrect. The Burglary statute requires the State to prove that the defendant broke and entered a building or structure of another person. See Ind.Code § 35–43–2–1. The phrase "building or structure of another person" is not the exclusive equivalent of ownership as indicated by caselaw interpreting this statute. "[I]t is well settled that burglary is a crime against possessory interest or rightful possession of the premises." Jay v. State, 246 Ind. 534, 536, 206 N.E.2d 128, 129 (1965). The name of the owner or possessor of the burglarized building or stolen property may be proven by circumstantial evidence. Williams v. State, 451 N.E.2d 700, 701 (Ind.Ct.App.1983). Therefore, the State was not required to prove ownership of the House. Rather, it was sufficient to show rightful possession or ownership. We con-

clude that it was error as a matter of law for the trial court to require proof of ownership of the House.

Although we conclude that the trial court erred in requiring proof of ownership for the Burglary charge, the issue is moot because even in the case of a reversal of an acquittal, the State is barred, on double jeopardy grounds, from retrying the defendant. State v. Martin, 885 N.E.2d 18, 19 (Ind.Ct.App.2008). However, if the evidence, either direct or circumstantial, is sufficient to prove that Bowman had rightful possession of the House, the Criminal Mischief conviction will be affirmed. Also, the Theft conviction is supported by sufficient evidence if the evidence proves that Bowman had rightful possession of the water heater and furnace.

Here, there was significant circumstantial evidence that the House was in the rightful possession of Bowman. Bowman purchased the House a year prior to the offense. Bowman admitted on cross-examination that the House had been subject to a foreclosure action but that he did not believe the sale was final until January 2008. Based on their records, police contacted Bowman to inform him of the break-in. Bowman had the keys to enter the House the month prior to the offense and locked both doors. This circumstantial evidence is sufficient to prove that Bowman was the rightful possessor of the House to the exclusion of Wallace, his principals, agents or accomplices at the time of the offense.

Moreover, other evidence supports the conclusion that Wallace was not the owner or rightful possessor of the House. There were pry marks on the backdoor, indicating a forced entry. Wallace's explanation to police for his presence in the House was not validated. When questioned by police, Wallace explained that an individual named James instructed them to remove

the appliances. Police located James, sitting on a porch directly east of the alley, and inquired as to whether he asked Wallace and Smith to remove the appliances. James denied the allegation.

This evidence is sufficient to prove that the House was property of another, supporting the Criminal Mischief conviction. The conviction for Theft is also supported by sufficient evidence to demonstrate that Bowman had rightful possession of the furnace and water heater based on Bowman's testimony that he purchased and installed the units in the House. We therefore affirm Wallace's convictions.

Affirmed.

RILEY, J., and BRADFORD, J., concur.