Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**MICHAEL FRISCHKORN**
Frischkorn Law LLC
Fortville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PERRY ODUM, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 30A01-1203-CR-102 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HANCOCK SUPERIOR COURT
The Honorable Terry K. Snow, Judge
Cause No. 30D01-1103-FC-416

**September 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SULLIVAN, Senior Judge**

Perry Odum appeals his convictions of burglary, a Class C felony, Ind. Code § 35-43-2-1 (1999), and theft, a Class D felony, Ind. Code § 35-43-4-2 (2009). We affirm.

William Johnson met Odum when they worked together at a painting company in Indianapolis. After they were both laid off, Johnson began working as an independent contractor and hired Odum. Johnson fired Odum in late August 2009 after several arguments.

During the time period relevant to this case, Johnson kept personal property in his parents' garage in Hancock County. A portion of the building was furnished as an apartment, and Johnson had previously lived there. Odum had visited Johnson at the garage on several occasions and knew of its contents.

On September 1, 2009, Johnson went to the garage and saw that a door had been forced open. His bow and several of his guns had been removed. Johnson called the police and reported the burglary. He later found a cigarette butt in the garage. Johnson contacted the police, who collected the cigarette butt for DNA analysis.

Subsequent testing revealed that Keith Garrison's DNA matched the cigarette butt. The police found Garrison in prison and interviewed him twice. Garrison initially denied involvement in the burglary, but he subsequently implicated himself and Odum.

The State charged Odum and Garrison with burglary and theft in separate cases. Garrison executed a plea agreement with the State. In the agreement, Garrison agreed to plead guilty to burglary and to testify against Odum. In exchange, the State dismissed the theft charge and refrained from filing a habitual offender enhancement against Garrison. Garrison testified at Odum's trial. In addition, an officer described, over Odum's

2

objection, what Garrison had said during his second police interview.  The jury found

Odum guilty as charged, and the trial court sentenced him accordingly.  This appeal

followed.

Odum raises two issues, which we restate as:

I.      Whether an alleged variance between the charging information and the evidence presented at trial as to who owned the garage amounts to fundamental error.

II.     Whether the trial court abused its discretion in admitting a police witness's description of what Garrison told him.

## I. VARIANCE AND FUNDAMENTAL ERROR

Odum argues that there is a fatal variance between the charging information and

the evidence produced at trial.  A variance is an essential difference between the

allegations of the charging document and the proof at trial.  Daniels v. State, 957 N.E.2d

1025, 1030 (Ind. Ct. App. 2011).  Not all variances are fatal to a conviction.  Id.  A

variance between the charging information and the proof presented at trial amounts to

reversible error when the defendant is misled by the variance in the preparation and

maintenance of his or her defense, and was harmed or prejudiced thereby, or when the

defendant is unprotected against double jeopardy in a future criminal proceeding

covering the same event.  Jones v. State, 938 N.E.2d 1248, 1252 (Ind. Ct. App. 2010).

Odum did not advance his variance argument at trial.  He attempts to avoid waiver

by alleging fundamental error.  The fundamental error exception to the waiver rule is

extremely narrow and applies only when the error constitutes a blatant violation of basic

principles, the harm or potential for harm is substantial, and the resulting error denies the

3

defendant fundamental due process. Delarosa v. State, 938 N.E.2d 690, 694 (Ind. 2010). This exception is available only in egregious circumstances. Id. We need not unduly belabor the matter of fundamental error because we conclude that there was not a fatal material variance at all.

In the case at hand, the charge of burglary alleged that the premises was "a garage belonging to William Johnson." Appellant's App. p. 79 (emphasis supplied). Odum maintains that the allegation is an allegation of "ownership" and that in fact and as per the evidence adduced at trial, the premises was owned by Johnson's parents.

"[B]elonging to," as alleged, is not the same as the "ownership" asserted by Odum to be required in this case. As stated in Wallace v. State, 896 N.E.2d 1249, 1252 (Ind. Ct. App. 2008), trans. denied: "[B]urglary is a crime against [a] possessory interest or rightful possession of the premises." Proof of ownership is not essential. Bradley v. State, 244 Ind. 630, 195 N.E.2d 347, 349 (1964). The allegation of "belonging to" is consistent with having a possessory interest as opposed to legal ownership of the premises. That Johnson had the permission to use and occupy the building owned by his parents and that he did so is sufficient to confer the requisite possessory interest.

Odum was not misled in the preparation of his defense. See Dewitt v. State, 755 N.E.2d 167, 172 (Ind. 2001). Odum was aware that Johnson had a possessory interest in the building in that Johnson's personal property which was the subject of the theft was being stored there, Johnson had a key to the building, and Johnson had permissive access to it.

Furthermore, we hold that Odum was not realistically in danger of a double jeopardy violation on the burglary conviction here involved. It is inconceivable that the State would at a future time charge and attempt to convict Odum of burglarizing the same building. The address of the premises was established by the evidence to be at 2833 West U.S. 40. Photographs of the garage, including an aerial view, were in evidence. The alleged dates of the incident, "on or about August 29, 2009 and September 1, 2009," Appellant's App. p. 79, while not precise, were sufficiently narrow to avoid double jeopardy implications and the imprecision is explained by the fact that Odum planned the burglary around Johnson's weekend away from the garage. Accordingly, we reject Odum's claim to a future double jeopardy violation with regard to the burglary of which he was convicted.

For the above stated reasons, we hold that Odum has not successfully advanced his assertion of a fatal material variance.

## II. ADMISSION OF OFFICER'S TESTIMONY

Odum asserts that the trial court erroneously allowed a police officer to provide hearsay testimony as to what Garrison told the officer during an interview. A trial court has broad discretion in ruling on the admissibility of evidence and we will disturb its rulings only where it is shown that the court abused that discretion. Turner v. State, 953 N.E.2d 1039, 1045 (Ind. 2011). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. Id.

Hearsay is not admissible except as provided by the Indiana Rules of Evidence or by law. Ind. Evidence Rule 802. Hearsay is a statement, other than one made by the

5

declarant while testifying at trial or a hearing, offered in evidence to prove the truth of the matter asserted. Ind. Evidence Rule 801(c). A statement is not hearsay if:

> The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . consistent with the declarant's testimony, offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, and made before the motive to fabricate arose.

Evid. R. 801(d)(1).

In Bullock v. State, 903 N.E.2d 156, 159 (Ind. Ct. App. 2009), a detective questioned Hornberger regarding his involvement in Bullock's theft of a television. Hornberger gave a recorded statement in which he said that he drove Bullock to a store and was aware that Bullock planned to steal a television there. He also told the detective that he was aware that a store employee had written down his van's license plate number after the theft and that the police would be looking for him.

At trial, the State played Hornberger's recorded statement over Bullock's objection. Hornberger also testified and implicated Bullock in the theft. On appeal, Bullock argued that the trial court abused its discretion by admitting Hornberger's recorded statement. The State argued that the statement was admissible as a prior consistent statement under Indiana Evidence Rule 801(d)(1). A panel of this Court noted that the key dispute was whether Hornberger already had a motive to fabricate when he gave the recorded statement to the detective. When the declarant "is the defendant or is equally culpable to the defendant," the Court noted, the motive to fabricate likely arises immediately upon the commission of the crime. Id. at 161. Hornberger participated in the theft and knew the police would be looking for him. Consequently, the Court

6

concluded that he had a motive to shift the blame to Bullock before he spoke with the police, the recorded statement did not meet the requirements of a prior consistent statement under Rule 801(d)(1), and the trial court abused its discretion in admitting the recording. Id. at 162.

In this case, Detective Sergeant Edward Munden interviewed Garrison twice about the burglary. During the first interview, the police told Garrison that his DNA had matched a cigarette butt that had been found inside the garage, thereby implicating him. The following discussion occurred at trial when Munden testified about the second interview:

[STATE]: Okay. What do you recall the first thing [Garrison said] of any consequence?

[ODUM]: I'm gonna object. First, the characterization of consequence and second, its [sic] hearsay.

[COURT]: Response.

[STATE]: Well the response is he's going to testify and secondly, defense counsel has already illicited [sic] from another witness about his comments and this witness will testify as to the prior recorded statement that the witness himself will talk about it.

[COURT]: Okay. This is an order of proof objection. I'm gonna sustain the objection to the form of the question. If you want to restate your question maybe the officer can answer that but at this point in time Mr. Garrison is not on the stand, has not been on the stand and what is "consequence" may be a different-different minds may see it. So move on with another question.

[STATE]: What, if anything, did Keith Garrison tell you about his involvement?

7

[ODUM]:       Objection.  Its [sic] still an out-of-court statement and so that's plain old hearsay.

[COURT]:      Not if he testifies.  Overruled.  Now if he doesn't testify, then we'll have another issue.

[MUNDEN]: Could you repeat the question?

[STATE]:      What, if anything, did [Garrison] tell you about his involvement?

* * *

[MUNDEN]: The first substantial statement he made that showed me that he was in fact involved he said . . . you guys pretty much got it right.  And that was . . . his response to me summarizing what happened or my opinion of what happened.

[STATE]:      And did you find out from him if he had someone that he worked with?  Tell me just simply yes or no.  Someone that he did the crime with.

[MUNDEN]: Yes.

[STATE]:      And did he provide you details of the role that he played?

[MUNDEN]: Yes.

[STATE]:      Did he provide you details then of the role that the other individual played?

[MUNDEN]: Yes.

Tr. pp. 96-98.

In this case, as in Bullock, Garrison participated in the crime and was charged with the same offenses as Odum.  Furthermore, he had been told by the police that his DNA was found at the crime scene before he made the challenged statement.  Therefore, Garrison had a motive to fabricate before he spoke with Detective Munden as set forth

8

above, and we cannot conclude that his statement to Detective Munden meets the definition of a prior consistent statement. As a result, the trial court abused its discretion in admitting the statement.

Although the trial court abused its discretion, our analysis is not at an end. When the trial court has erred in the admission of evidence, we will not reverse if that error was harmless. Turner, 953 N.E.2d at 1058. The improper admission is harmless error if the conviction is supported by substantial independent evidence of guilt satisfying the reviewing court that there is no substantial likelihood the challenged evidence contributed to the conviction. Id. at 1059. In viewing the effect of the evidentiary ruling on a defendant's substantial rights, we look to the probable impact upon the fact-finder. Id.

Here, Munden's description of Garrison's statements during the interview was merely cumulative of Garrison's trial testimony. In fact, Garrison's testimony was far more detailed than Munden's summary because Garrison described on the witness stand how he and Odum committed the burglary. In addition, the jury was made aware that Garrison had not been to the garage prior to the burglary, but Odum had been there before and knew that Johnson kept guns there. Furthermore, Odum had told Garrison that he was angry about being fired and wanted Johnson's guns. Based upon this substantial independent evidence, we conclude that there is no substantial likelihood that the erroneously admitted testimony contributed to the jury's verdict. See Bullock, 903 N.E.2d at 162 (determining that the erroneous admission of the recorded statement was harmless error because the statement was cumulative of other evidence).

For the reasons stated above, we affirm the judgment of the trial court.

9

Affirmed.

CRONE, J., and PYLE, J., concur.